BOLER *vs.* DAY.

APPEAL FROM THE COURT OF THE SEVENTH DISTRICT, FOR THE PARISH OF CATAHOULA, THE JUDGE OF THE DISTRICT PRESIDING.

Where the answer, judgment, and part of the parole evidence appears to have been lost, an application for a *certiorari* would be useless, as the record cannot in such a state be perfected, and when it appears that justice does not require it, the cause will not be remanded for a new trial.

This is an action of slander, for slanderous words charged to have been spoken by the defendant, maliciously and with a view to slander, defame and injure the plaintiff in his good name and character. The plaintiff alleges that he has sus-

tained great injury in consequence of this slander, and prays judgment for twenty thousand dollars in damages, and a trial by jury.

The answer of the defendant *is lost*, together with the judgment of the court, and some of the evidence taken down in writing. There appears to have been many witnesses examined on both sides, and only a part of the testimony comes up with the record.

The cause was submitted to a jury, who returned the following verdict : "We of the jury are of opinion that the defendant uttered the words alleged in the petition, but that the plaintiff has not sustained any injury thereby."

Upon this verdict there appears to have been a judgment rendered, and, after an unsuccessful effort to obtain a new trial, the plaintiff appealed.

*Downs* and *Copley,* for the appellant prayed for a *certiorari,* to complete the record.

*M'Guire,* contra, moved to dismiss the appeal.

1. That he has not been served with a copy of the petition of appeal as required by law. If this be overruled, he further prays to dismiss, on the ground that the transcript does not contain evidence of the case sufficient for this court to revise the judgment. The answer of defendant is not in the record. There is no judgment of the court.

2. There is no statement of facts ; there is no evidence that the clerk was required to take down the testimony in the case.

3. This is not such a case as can be cured by *certiorari.* The papers missing are lost and cannot be procured or sent here by the clerk, and it is evident from what appears, that justice does not require the case should be remanded for a new trial.

*Simon, J.,* delivered the opinion of the court.

The appellee filed a written motion to dismiss this appeal, on the ground that the transcript does not contain the records

of the case, sufficient for this court to revise the judgment, complained of.

This is an action of slander, in which the verdict of the jury was given in favor of the defendant, and the plaintiff, after having vainly attempted to obtain a new trial, took the present appeal.

The clerk, in one of his certificates annexed to the record, certifies that the testimony of several witnesses whom he names, and which had been taken down by him, was lost from the papers in open court, together with the answer filed by the defendant, and on a careful examination of the record, we find that a part of the evidence taken down by the clerk is copied in the transcript, but that there is no statement of facts, and nothing to show that the clerk was required to take down the testimony adduced by either of the parties.

In this imperfect state of the case, it is certainly impossible for us to revise the verdict of the jury and the judgment of the court, rendered thereon; the appellant, however, has made application that the case be remanded, but he has made no showing to that effect. Had he made a motion for a *certiorari*, it would have been useless, as the answer and a part of the parole evidence appear to have been lost, and from the evidence which the record shows, it does not appear to us that justice requires that this cause should be remanded for a new trial.

It is, therefore, ordered, adjudged and decreed, that this appeal be dismissed, with costs.