LORING THAYER *v.* JAMES LITTLEFIELD and another.

Where the record does not contain all the evidence adduced on the trial, and there is no statement of facts, bill of exceptions, nor assignment of errors, and the clerk of the lower court certifies that part of the documentary evidence, not included in the record, was not to be found among the papers, and there is no evidence to show that it has been since discovered, the appeal must be dismissed, as a *certiorari* would be useless.

APPEAL from the District Court of the First District; *Buchanan,* J.

*L. C. Duncan,* for the plaintiff moved to dismiss this appeal, the record containing no statement of facts, bill of exceptions, or assignment of errors, and it appearing from the certificate of the clerk that all the evidence was not transcribed ; citing *Field* v. *Sibley;* 2 La. 496.   The certificate stated, that the record, " contains a transcript of all the proceedings, as well as of all the documents filed, and all the testimony adduced on the trial, except document No. 1, which is not to be found among the papers, and also excepting the record of the suit of *N. Goodale and Wife* v. *J. Littlefield & Co.,* offered in evidence with leave to either party to use

what parts of it they choose, both here and on appeal, numbered 17420 of the docket of this court."

*Micou* and *Hoffman*, for the appellants, prayed for a *certiorari*, citing the Code of Practice, art. 898, 2 La. 301, and *Bell* v. *Bell et al.* 4 La; 470.

BULLARD J. The appellee moves to dismiss this appeal, on the ground that the record contains neither all the evidence adduced on the trial below, nor a statement of facts, nor any bill of exceptions, or assignment of errors.

The appellant admits that the record is imperfect, but contends, that after answer to the appeal on the merits, it is too late to make the objection, and that he is entitled to a *certiorari* to supply the defect.

The first objection has no weight; because, if both parties were to agree to it, this court would not try any case on its merits, without having before it all the evidence on which it was tried in the first instance, or a statement of facts agreed upon. Under ordinary circumstances, the *certiorari* would be allowed under art. 898, of the Code of Practice. But it is manifest, in this case, that the *certiorari* would be useless, inasmuch as the clerk certifies that document No. 1, is not to be found among the papers, nor the record of *N. Goodale & Wife* v; *J. Littlefield & Co.*, offered in evidence with leave to either party to use what parts of it they chose both below and on the appeal, and nothing shows that those documents have since been found, so as to enable the clerk to furnish a copy, and thus complete the record. The case in 4 La. 470, referred to by the counsel for the appellants, supports this view of the case.

*Appeal dismissed.*