P. P. J. MARTIN et al. *v.* P. C. BLANCHIN and ANTOINE GIRAUD. STANISLAS PLASSAN, Receiver.

Where the defendants were charged with the management of the partnership affairs, an *ex parte* order of the Court which takes the business out of their hands and places it under the control of a Receiver may cause them irreparable injury, and is an interlocutory order from which an appeal will lie. C. P 566.

Where a record contains a bill of exception, the appeal can be maintained although the Clerk does not certify that the Record contains all the evidence adduced on the trial. C. P. 896.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J. *Bonford, Singleton & Clack*, for plaintiffs. *C. Roselius* and *L. Castera*, for defendants and appellants. *J. L. Tissot*, for Receiver.

MERRICK, C. J. The action is one for the dissolution of a partnership existing between the parties to the suit.

The plaintiffs, after having caused the defendants to be cited, obtained the appointment of a Receiver on their *ex parte* application.

The defendants took a rule upon the plaintiffs to show cause why said order should not be set aside on several grounds. Being unsuccessful at the hearing on the rule, they have appealed from the order appointing a Receiver.

Plaintiffs have moved the Court to dismiss the appeal, on the grounds that the order does not work an irreparable injury to defendants—because it is a matter within the discretion of the Court below, and because the certificate of the Clerk to the record of appeal is imperfect.

It is alleged in the petition, that the defendants were charged with the management of the partnership affairs. It seems to us that an order of the Court which shall take the business of the concern out of their hands, and place it under the control of a Receiver, may cause them irreparable injury, and is an interlocutory order from which an appeal will lie. C. P. 566.

MARTIN
*v.*
BLANCHIN.

The record contains a bill of exception. The appeal can therefore be maintained although the Clerk does not certify that the record contains all the evidence adduced on the trial of the rule. C. P. 896.

It is therefore ordered, that the rule to dismiss the appeal be discharged.