On Application for Rehearing.
The counsel for the appellant complains,
1. that we have overlooked arts. 601 — 3 of the Code of Practice.
Those were the articles we were construing.
2. that we have overruled the cases, to which we were referred by him, and cited as “ 6 La. 129, 7 La. 245, and 7 M. 121.”
The first is Bowman v. James, where the testimony was taken down, not by the clerk but by some other person, and without the request of either party to the suit, which seems to have been considered necessary, but notwithstanding the testimony was in the record, the court dismissed the appeal.
In the second case, McDaniell v. Insall, the evidence was not taken down, and the j udge could not remember it, 'and the case was remanded.
The third case, Lynch v. Postlethwaite, has nothing whatever upon the subject.
3. that the cases referred to by us are not in point.
In the first case we referred to, some of the testimony was lost after it had been taken in writing, and the court said, there was nothing to shew that the clerk was required to take down the testimony, and that a certiorari would be useless, and refused the motion of the appellant to remand the case. Boller v. Day, 16 La. 251.
The second of our cited cases decides that when the certificate of the clerk shews that parol testimony, taken on the trial but not reduced to writing, is not to be found in the record, and there is no statement of jacts, the appeal must be dismissed. Roberts v. Benton, 1 Rob. 100.
In the third case, a certiorari had been issued and the return shewed the missing testimony had not been taken down, and a dismissal was the consequence. Clark v. Laidlaw, 4 Rob. 380.
The last case referred to by us rules, that where part of the documentary evidence offered was not in the record and could not be found when the transcript was made, and there is no evidence that it has been discovered since, the appeal must be dismissed. Thayer v. Littlefield, 5 Rob. 152.
*858 So there is one case, McDaniell v. Insall, that supports the appellant, which was evidently overruled by the others, and the same court that decided it had ruled, “ where the record exhibits no statement of facts, and the certificate of the clerk shews that the testimony taken in open court, was not reduced to writing, under these circumstances it is impossible for the appellate court to examine and decide the case on its merits,” and the appeal was dismissed. Thomasson v. Baum, 6 La. 123.
The rehearing is refused.