(63 South. 857.)

No. 20,076.

CITY OF SHREVEPORT v. MAROUN.

(Dec. 15, 1913.)

*(Syllabus by the Court.)*

APPEAL AND ERROR (§ 907*)—APPEAL—AFFIRMANCE.

Where the record filed in this court contains a complete and full certificate of the judge of the city court before whom the trial was had, saying that the transcript is a true and correct copy of all proceedings had by and before him, the judgment appealed from will be affirmed, on the presumption that the trial court acted on the proper evidence. Nugent v. Stark, 34 La. Ann. 628, 631; Hefner v. Hesse, 26 La. Ann. 148; State v. De Monasterio, 26 La. Ann. 734; Graham v. Rice, 23 La. Ann. 393; State v. Campbell, 23 La. Ann. 445; Simmons v. Howard, 23 La. Ann. 504; Parham v. Ogle, 22 La. Ann. 73; Citizens' Bank v. Bringier, 22 La. Ann. 118; In re Fazende & Seixas, 35

La. Ann. 1145; Boyd v. Bradley, 134 La. 223, 63 South. 883.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2899, 2911–2915, 2916, 3673, 3674, 3676, 3678; Dec. Dig. § 907.*]

Appeal from City Court of Shreveport; L. C. Blanchard, Judge.

N. Maroun was convicted of maintaining a blind tiger, and appeals. Affirmed.

Scheen & Blanchard, of Shreveport, for appellant. G. W. Jack, City Atty., and D. C. Scarborough, Jr., Asst. City Atty., both of Shreveport, for appellee.

SOMMERVILLE, J. Plaintiff was charged with, and convicted of, maintaining a public nuisance in the city of Shreveport, by keeping a "blind tiger."

There are two bills of exceptions in the record; one of them taken to the ruling of the court in overruling a motion for a new trial, in which it is stated that:

"Counsel for defendant excepted and reserved his bill of exceptions, and, after attaching hereto the evidence taken on the trial of the case, and making it a part of his bill of exceptions, tenders the same for signature."

The second bill of exceptions was taken to the action of the court in overruling a motion in arrest of judgment, based upon the alleged unconstitutionality and illegality of the ordinance which defendant was charged with having violated.

The motions for a new trial and in arrest of judgment attack the said ordinance of the city of Shreveport; but the ordinance is not in the record. It was made part of both bills of exceptions as hereinbefore shown, but it, together with other evidence, is not before us; and the absence thereof from the transcript is clearly imputable to defendant appellant. We cannot take judicial notice of a city ordinance. State ex rel. Cotonio v. Judge, 105 La. 758, 765, 30 South. 105.

There are two cases before us for decision, submitted when this case was, where the missing ordinance may be found; but we cannot supply the deficiencies of this transcript from the transcripts of those cases. They are not parts of this case, and the testimony in each case is necessarily different one from the other.

While it is true that recorders may take judicial notice of municipal ordinances, they are not obliged to do so; and when, in a given case, by so doing they subject the defendant, who is prosecuted before them, to the hardship of being compelled himself to furnish so important a factor in his prosecution, in order that he may obtain a hearing upon his appeal, the custom of taking such judicial notice should be rather honored in the breach than in the observance, or followed with a certain moderation. In this case it is not made to appear that the ordinance in question is missing from the transcript because the judge of the city court had taken judicial notice of it, or that the appellant had made any effort, in the trial court, to have it included in the transcript of appeal. It may be that the ordinance was not actually used in evidence, although defendant appellant says in his bill of exceptions that he had excepted thereto, and had attached it to the bill. If not produced on the trial, and the defendant had requested the judge to require the prosecution to produce it, for the purposes of the appeal, it might have been the duty of the judge to have so ordered. But, where it appears, as in this case, the appellant has made absolutely no effort in the trial court to have the ordinance under which he has been prosecuted produced in the trial court, and he has not brought it up to the appellate court, and the proceedings of the trial court are regular, we find ourselves unable to grant the relief on appeal sought by the appellant. The city judge committed no error, under the circumstances, in sending up the record without the ordinance in question, if he took judicial notice of it, and it had not therefore been offered in evidence, and

the defendant in the case made no demand that it be produced for the purposes of an appeal.

The certificate of the judge of the city court of the city of Shreveport certifies that the transcript in this case—

"is a true and correct transcript of all proceedings had by and before me in the cause of City of Shreveport v. N. Maroun, No. 310 of the docket of the city court, of the city of Shreveport, La."

With the bills of exceptions in the record and the judge's certificate before us, we will not dismiss the appeal (C. P. 896; Thayer v. Littlefield, 5 Rob. 152; Martin v. Blanchin, 16 La. Ann. 83); but, under the settled jurisprudence of the state, to the effect that where the certificate of the clerk is full and complete, but the transcript of appeal is incomplete, and it does not contain the evidence upon which the trial court reached its judgment, it will be presumed that the trial court acted upon proper evidence; and its judgment will be affirmed.

For the reasons given in the case of Mrs. Leila Boyd, Wife, v. John J. Bradley, Husband (No. 19,739) 63 South. 883, post, p. 223, in the opinion this day handed down, and under the authorities therein cited:

It is ordered, adjudged, and decreed that the judgment appealed from be affirmed.