PROVOSTY, J.
The relator was prosecuted before the Second recorder’s court, over which one of the respondents presides, on an affidavit charging that “on Monday the 29th of December 1902, at No. 1302 St. Peter’s Street, within the jurisdiction of this court, one Theodore Cotonio agent, did then and there wilfully violate C. O. 127 C. S. Sec. 1 as amended by C. O. 5955 C. S. (Bel.) to failing to provide and furnish an adequate supply of water on premises which are occupied,” etc.
The relator demurred to the affidavit, and excepted to the jurisdiction of the recorder’s court, on the grounds that “he is not amenable to the processes of this court, and the court is without jurisdiction, because at the time mentioned in the said affidavit the accused was not within the jurisdiction of this honorable court, and the process issued on the said affidavit was not served on the accused within the jurisdiction of this court, and that the warrant and notice of trial was served without the jurisdiction of this honorable court.” He also excepted on the following grounds: “That the said affidavit is vague and indefinite, and does not charge the accused with any offense, nor inform him of the nature of the charge against him; that it is informal-and defective; and that any ordinances that may have -been enacted by the council of the city relative to health matters have been repealed and abrogated by Act No. 192, p. 437, of 1898, and Act No. 150, p; 266, of 1902, and the sanitary code as adopted by the city board of health of the state of Louisiana.” After trial this demurrer and this exception were overruled, and after trial on the merits the accused (relator here) was adjudged guilty as charged, and was sentenced to a fine of $25, or 30 days’ imprisonment. He appealed to the criminal district court, section B, and there the judgment of the recorder was affirmed. Thereupon relator made the present application to this court for the writs of certiorari and prohibition.
With the question of guilt or innocence this court has nothing to do. The first objection to the regularity of the proceedings is that the jurisdiction of the recorder’s court does not extend to above Oanal street, and that relator lives above that street, and that therefore the offense was committed above the street, if at all, and the recorder’s court has no jurisdiction of it, and the relator is not amenable to its process.
The offense consisted in not providing a *194 sufficient water supply to the premises in question. In the nature of things, it was committed at the premises, and not at the place where the relator’s person happened to he. “A neglect to do an act is punishable in the eounty where the act should have been done.” Bishop, Crim. Pro. par. 55.
Exactly what is meant by the objection to the process, we do not understand. By section 73 of the city charter, recorders are empowered to enforce all city ordinances, and to compel the attendance of witnesses. This would seem to invest the recorder with all the jurisdiction necessary for the trial of relator’s case. Const, art. 141.
The affidavit might have been made less vague and indefinite, and no harm done, but the same strictness is not required as for indictments; and it sufficiently acquaints the accused with the fact that he is charged with having failed to provide an adequate supply of water to the premises No. 1302 St. Peter street, and of having thereby violated Ordinance No. 127, Council Series, § 1, as amended by Ordinance No. 5955, Council Series.
We find nothing in Act No. 192, p. 437, of 1898, or in Act No. 150, p. 266, of 1902, repealing or abrogating this city ordinance under which relator was prosecuted. The ordinance contains nothing in conflict with or inconsistent with those laws.
So far as this court is informed, however, and so far as the district court was informed, the only ordinance under which the relator was being prosecuted was that of which a copy was annexed to the transcript of appeal as made up by the recorder and filed in the district court. In the case of Cotonio v. Judge, 105 La. 766, 30 South. 105, this court held as follows:
“In any case which is to be appealed, recorders ought, if so requested by the defendant, to require the prosecution to furnish a copy of the ordinance, to be used for the purposes of the appeal, and should send the same up with the record, since it is a hardship, which ought not to be imposed upon the defendant, to furnish such copy, and equally a hardship that his appeal should be dismissed for want of it.”
In accordance with the rule here laid down, the accused (relator here) requested the recorder to annex to his transcript for the district court a copy of the ordinance under which the affidavit was framed; and the recorder, in compliance with the request, did annex a copy of an ordinance as being the ordinance proceeded on. No other ordinance was exhibited in the district court, and none other could be, since the case had to be tried on the record as made up by the recorder’s court (article 139), and none other appears in this court; and the ordinance of which a copy is thus annexed denounces no penalty and creates no offense. The objection that the affidavit does not charge any crime against the relator is therefore well taken, so far as the record shows.
Enough appears, however, to satisfy this court that there does, in all probability, exist another ordinance, of which the recorder took cognizance, as he had a right to do, but of which he failed to annex a copy to the transcript sent by him to the district court. The ordinance of which a copy is annexed purports to be an amendment of section 1 of another ordinance. In all probability, this other ordinance does denounce a penalty in another of its sections. The recorder,, im his return to the writ herein, so states. The' ordinance annexed is No. 5955, whereas the-affidavit purports to be framed under Ordinance No. 127, as amended. The ordinance' under which the affidavit is framed has not,, then, been annexed to the record. Under the circumstances, we think the proper disposition to make of the case is to set aside the judgment of the district court, and to remand the case to that court, to be proceeded with according to law, with leave to perfect the record by proper proceedings, and, as thus qualified, to make the writ of prohibition peremptory; and it is accordingly so ordered.