BRUNOT, J.
Appellant was convicted and sentenced for a violation of Act 209 of 19Í4.
Five exceptions were noted and bills reserved to rulings of the court excluding testimony offered for the purpose of negativing fraudulent intent. All of the bills present the same question for review.
The pertinent part of the statute is as follows :
“Be it enacted by the General Assembly of the state of Louisiana, that any person who, with intent to defraud, shall obtain money, credit, goods, wares, or anything of value by means of the making or drawing or uttering or delivering of any check, draft or order for the payment of money upon any bank or other depository, knowing at the time of such making, drawing, uttering or delivering that the maker or drawer has not sufficient funds in or credit with such bank or other depository for the payment of such check, draft or order in full upon its presentation, shall be guilty of a misdemeanor,” etc.
The information charges, in the terms of the statute, that:
“One P. R. Alphonse, late of the parish of Orleans, on the 4th day of December in the year of our Lord one thousand nine hundred twenty-two, with force and arms, in the parish of Orleans aforesaid, and within the jurisdiction of the criminal district court for the parish of Orleans, did willfully and unlawfully, with intent to defraud, etc.. (Italics ours.)
In prosecutions under this statute, one of the essential ingredients of the crime is fraudulent intent. It is sacramental that an intent to defrmd, be alleged and proved.
“Where an act becomes criminal only through the existence of a specific intent, such intent must be proven; it should be averred in the indictment and its existence is a question of fact for the jury under all of the circumstances.” Am. & Eng. Ency. vol. 8, p. 287; Ogletree v. State, 28 Ala. 693; Scott v. State, 49 Ark. 156, 4 S. W. 750; People v. Sweeney, 55 Mich. 586, 22 N. W. 50; State v. King, 80 N. Car. 603; Folwell v. State, 49 N. J. Law, 31, 6 Atl. 619; Miller v. People, 5 Barb. (N. X.) 203; Coleman v. People, 58 N. Y. 555; Mullins v. State, 37 Tex. 338; State v. Méche, 42 La. Ann. 273, 7 South. 573.
The fraudulent intent must unite with the overt act, and they must concur in point of time. United States v. Fox, 95 U. S. 670, 24 L. Ed. 538; Cousins v. State, 50 Ala. 117, 20 Am. Rep. 290; State v. Hollyway, 41 Iowa, 200, 20 Am. Rep. 586; Head v. State, 43 Neb. 30, 61 N. W. 494; People v. Cogdell, 1 Hill (N. Y.) 94, 37 Am. Dec. 297.
The defendant attempted to introduce evidence to negative the existence of an es *953 sential ingredient of the crime, and the court erred in excluding this evidence.
For these reasons, the verdict and sentence are annulled and set aside.