**10 So.2d 712**

**STATE v. MARTINEZ.**

No. 36803.

Nov. 4, 1942.

J. Reuel Boone, of Many, for appellant.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Asst. Atty. Gen., and Edwin M. Fraser, Dist. Atty., of Many, for appellee.

O'NIELL, Chief Justice.

The defendant is appealing from a conviction and sentence for possessing intoxicating liquor for sale in a prohibition parish. By way of a motion for a new trial

and a bill of exception taken to the overruling of the motion he complains that the conviction "was not supported by any legal evidence". The motion contained a statement of the testimony on which the conviction was had. The sheriff and a deputy sheriff were the only witnesses for the state. They testified that they received in their office on December 23rd an anonymous letter informing them that the defendant was selling whiskey; that they went immediately to his home and found in his living room—not hidden at all—two boxes containing 24 pints of wine and about 38 half-pints of whiskey and gin. The deputy sheriff testified that on a subsequent occasion he received another complaint and went and searched the defendant's house "and found nothing but some empty liquor bottles". For the defendant seven neighbors testified that on the occasion in question each one of them entrusted the defendant with $3 with which to buy liquor for the purpose of celebrating Christmas. They testified that the defendant was about to go to Shreveport on a mission of his own, and one of the witnesses said that he accompanied him to Shreveport and saw that he paid $24 and a few cents for the liquor. This testimony for the defendant would have proved, if the judge had believed it, that the defendant did not buy or possess the liquor for resale, but bought it as the agent for his friends and with their money. But the judge says in his statement per curiam that he did not believe the testimony of the defendant or his witnesses, because not one of the witnesses could remember what kind of liquor he had ordered,—or whether it was wine, whiskey, or gin,—and because the defendant himself could not remember what kind of liquor was ordered by any one of the seven neighbors. The judge admits that the defendant's previous record was good, but the judge concluded that the testimony of the sheriff and his deputy—together with the circumstance that there were too many empty bottles strewn about the premises—was enough to warrant the conviction that the defense was a frame-up. If we had authority to pass judgment upon such evidence we would see no reason to doubt the wisdom of his honor's conclusion. It only shows that men who live in prohibition districts must avoid the appearance of evil—must avoid having whiskey bottles strewn about their premises—even as people who live in glass houses must draw down the shades.

But this court has not jurisdiction to decide questions of fact on which depend the guilt or innocence of the defendant in a criminal prosecution. On those questions the decision of the trial judge on a motion for a new trial is final. It is only in cases where there is no evidence at all tending to prove a particular fact which is essential to a valid conviction that this court may set aside the conviction for want of proof of the guilt of the defendant. State v. Wells, 147 La. 822, 86 So. 268; State v. Edwards, 155 La. 305, 99 So. 229; State v. Gani, 157 La. 231, 102 So. 318; State v. Giangosso, 157 La. 360, 102 So. 429; State v. Dunnington, 157 La. 369, 102 So. 478; State v. Wilson, 196 La. 156, 198 So. 889. The same rule is applicable to cases tried by the judge without a jury.

State v. Rogers, 152 La. 905, 94 So. 439; State v. Bush, 156 La. 973, 101 So. 382; State v. Gremillion, 160 La. 121, 106 So. 716; State v. Russell, 161 La. 167, 108 So. 324; State v. Daniels, 164 La. 737, 114 So. 636; State v. Singley, 195 La. 519, 197 So. 218. The line is drawn between an insufficiency of evidence and a total lack of evidence of the fact or facts required to prove the guilt of the party accused. In this case the defendant's complaint is not—as he says—that the conviction "was not supported by any legal evidence". The complaint is in reality that the evidence was not enough to support the conviction. Whether it was enough is a question of which this court has not jurisdiction.

The conviction and sentence are affirmed.

ROGERS, J., absent.