15 So.2d 854

**STATE v. TUCKER.**

No. 37231.

Nov. 8, 1943.

Edwin I. Mahoney, of New Orleans, for defendant and appellant.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Asst. Atty. Gen., and J. Bernard Cocke, Dist. Atty., and Lloyd C. Hoffman, Asst. Dist. Atty., both of New Orleans, for the State, plaintiff and appellee.

FOURNET, Justice.

The defendant, Robert E. Tucker, having been tried under the provisions of Act No. 14 of the Second Extraordinary

Session of 1934 for wilfully and unlawfully possessing marijuana cigarettes, prosecutes this appeal from his conviction and sentence to serve not less than 20 months nor more than 5 years in the state penitentiary at hard labor, relying for the reversal thereof on two errors allegedly committed during the course of his trial and prejudicial to his cause.

His fist exception was taken to the following statement made by the district attorney during the course of his argument to the jury: "The evidence shows that this man is not an ordinary salesman. I say that this man is a big operator," it being his contention that this conclusion is not supported by the evidence.

■■ "A prosecuting officer is required to base his argument and his deductions and conclusions * * * upon the evidence adduced * * *." State v. Conners, 142 La. 206, 76 So. 611. "The district attorney should always be careful not to go beyond proper limits, and not to take positions in argument that are not sustained by the testimony; but he is within reasonable bounds permitted to argue the case with some degree of freedom, to the extent necessary in presenting the cause." State v. Johnson, 119 La. 130, 43 So. 981, 982. But "To justify this court in setting aside the verdict of a jury approved by the trial judge on the ground of intemperate or improper remarks made by a district attorney, it would have to be very thoroughly convinced that the jury was influenced by such remarks, and that they contributed to the verdict found." State v. Johnson

and Butler, 48 La.Ann. 87, 19 So. 213, 214. See, also, Marr's Criminal Jurisprudence in Louisiana, Second Edition, Vol. 2, Section 656, p. 1002; State v. Tullos, 190 La. 184, 182 So. 321; State v. Shuff, 198 La. 67, 3 So.2d 278; State v. Davis, 178 La. 203, 151 So. 78; State v. Duck, 35 La.Ann. 764; and State v. Hamilton, 124 La. 132, 49 So. 1004, 18 Ann.Cas. 981.

■ The trial judge, in his per curiam to this bill, says the statement "was a declaration that the evidence in the case established the fact that the defendant was 'a big operator.' That the District Attorney was not stating his own private and personal conclusions unsupported by and independent of the evidence, but that he was stating an opinion and a conclusion based upon the evidence, was clear to the jury, not only from the remarks of the District Attorney, but from the evidence in the case which abundantly and convincingly showed that the defendant was 'a big operator.'" There is, therefore, no merit to this bill.

The accused reserved his second bill when the trial judge refused to grant his motion for a new trial, which had been based on the allegation that the evidence failed to prove he had in his possession the package containing the marijuana cigarettes or that the package in evidence was in fact the one recovered by the police.

■ In his per curiam to this bill, the trial judge states: "Defendant's motion for a new trial was based entirely upon a question of fact. Not only was there evi-

dence upon which the jury could predicate a verdict of guilty but the evidence was clear and uncontradicted and the jury had no reasonable alternative except to return a verdict of guilty." We cannot, therefore, say the trial judge was in error in his conclusion. Moreover, the defendant's argument in support of this bill shows that he is complaining of a lack of the sufficiency of the evidence rather than a total lack of evidence.

 It has been repeatedly held that "this court has not jurisdiction to decide questions of fact on which depend the guilt or innocence of the defendant in a criminal prosecution. On those questions the decision of the trial judge on a motion for a new trial is final. It is only in cases where there is no evidence at all tending to prove a particular fact which is essential to a valid conviction that this court may set aside the conviction for want of proof of the guilt of the defendant." State v. Martinez, 201 La. 949, 10 So.2d 712. See, also, State v. Wells, 147 La. 822, 86 So. 268; State v. Edwards, 155 La. 305, 99 So. 229; State v. Gani, 157 La. 231, 102 So. 318; State v. Giangosso, 157 La. 360, 102 So. 429; State v. Dunnington, 157 La. 369, 102 So. 478; State v. Wilson, 196 La. 156, 198 So. 889; and State v. Dow, 203 La. 707, 14 So.2d 610. In the latter case it is pointed out that it is sufficient if there is some evidence from which the defendant's guilt may be reasonably concluded.

For the reasons assigned, the conviction and sentence appealed from are affirmed.