HAMITER, Justice.
 

 In a bill of information it was charged that the defendant, on the 8th day of January, 1947, in the Parish of Orleans, “while in a public place and in a public manner, did wilfully and unlawfully and intentionally perform an act of lewdness and indecency grossly scandalous, and tending to debauch the morals and manners of the people * * Without challenging the legality of the information, he went to trial, offering the defense that on the date named he was a patient in the Charity Hospital of Louisiana in New Orleans.
 

 The court, at the conclusion of the trial, found defendant guilty and remanded him for sentence. Thereafter, his counsel filed a motion for a new trial. The motion was denied and he was sentenced “to pay a fine of $200 and to serve a term in Parish Prison for one year and in default of payment of said fine to serve a term in Parish Prison for six months additional.” This appeal followed.
 

 The transcript filed here contains five bills of exceptions, four of which were reserved to rulings respecting the admission of evidence, and the fifth (the one most seriously urged) to the denial of the motion for a new trial. In connection with the last mentioned bill, defendant complains, among other things, that there was not a scintilla of evidence adduced at the trial which would warrant his conviction.
 

 In a criminal case this court cannot and will not pass upon or determine the sufficiency of the evidence where there was some proof adduced to sustain the conviction. But after complaint is made, as here, that no evidence whatever was offered on which the conviction could be predicated, there is presented a question of law which we must and will consider. State v. Nomey, 204 La. 667, 16 So.2d 226, and cases therein cited.
 

 The above recited charge against defendant is couched in the language of subdivision 3 of Article 106 of the Louisiana Criminal Code (Act 43 of 1942), which reads: “Obscenity is the intentional * * *
 
 *43
 
 (3) Performance, in any public place or in any public manner, of any act of lewdness or indecency, grossly scandalous and tending to debauch the morals and manners of the people * * And in proof of the charge the state’s evidence is only to the effect that defendant suggested or proposed to the prosecuting witness, while standing on the front porch of her home and in the presence of another person, that she commit with him an act of sexual intercourse. Hence, the question now before us is whether the suggestion or proposal or solicitation constituted a violation of said subdivision 3 (with which defendant is presently charged). We think it did not.
 

 According to Webster’s New International Dictionary, Second Edition, the noun “performance” is defined as the act of performing; the verb “perform” means to carry on to the finish, to complete or accomplish. Therefpre, in the light of this definition, it cannot be correctly said that defendant, by his improper advances, performed, accomplished, completed an act of lewdness or indecency.
 

 It may be, although we are not called upon to and do not hold, that the suggestion or proposal offered to the prosecuting witness was a violation of the provision of subdivision 4 of Article 106, which reads: “Obscenity is the intentional * * * (4) Solicitation or attempt to entice another, in any public place or in any public manner, to commit any act of lewdness or indecency, grossly scandalous and tending to debauch the morals and manners of the people.” But with the violation of such provision, which is separate and distinct from that of subdivision 3, defendant is not herein charged.
 

 For the reasons assigned the conviction and sentence are set aside and the case is remanded for the purpose of affording to defendant a new trial.
 

 O’NIELL, C. J., absent.