MOISE, Justice.
 

 We granted a writ of certiorari in this case so that a review could be had on the judgment of conviction of one Peter J. Quinn for having in his possession for sale for beverage purposes certain intoxicating liquors. The specific charge in the information is that the defendant “ * * * did wilfully, maliciously, feloniously and unlawfully have in his possession for sale for beverage purposes the following described intoxicating liquor * * * contrary to the provisions of Section 13 of Act 15 of the Legislature of Louisiana for the year 1934, as amended * * * The information closes with the stereotype clause “ * * * contrary to the form of the statute of the State of Louisiana, in such cases made and provided, and against the peace and dignity of the same.”
 

 The defendant timely filed a motion to quash but after trial and conviction and before sentence his counsel filed a motion in arrest of judgment alleging substantial defects patent on the face of the record, to wit:
 

 1. That the information in this case failed to allege that the defendant had in his possession for sale intoxicating liquors in Natchitoches Parish, where the sale of intoxicating liquors is prohibited by law.
 

 2. That the information failed to allege in any place that Natchitoches Parish is dry or that there is any state law or police jury ordinance against the sale or possession for sale for beverage purposes of intoxicating liquors.
 

 The motion in arrest of judgment was overruled and a bill of exception was reserved.
 

 This prosecution is brought under the provisions of Section 13 of Act No. 15 of
 
 *371
 
 1934, as' amended. The pertinent portion of said Section 13 reads:
 

 “Whoever shall sell or keep for sale any intoxicating liquors for beverage purposes, in any parish, locality, ward, city, town or village of this State, where the sale of intoxicating liquors is prohibited by law or ordinance shall, on conviction, be punished by fine of not less than One Hundred Dollars nor more than Five Hundred Dollars or imprisonment of not less than thirty days nor more than six months; and, on failure to pay such fine, shall be imprisoned for not more than six months additional * * * provided, that nothing contained in this Act shall be construed to prohibit the sale of light beer, ale, porter, fruit juices and wine, containing not more than six per centum of alcohol by volume, in such subdivisions or municipalities of the State.”
 

 Under this statute it is not unlawful to sell intoxicating liquors in those subdivisions of the State that have not outlawed the liquor traffic by a local option election pursuant to Act No. 17 of the First Extra Session of 1935. The sale of intoxicating liquors is unlawful only in those subdivisions of the State where the voters have voted that the parish is to be dry. It could be
 
 no
 
 penal offense to sell intoxicating liquor in New Orleans or Baton Rouge. The very essence of the crime is the sale of intoxicating liquor for beverage purposes in dry parishes.
 

 Article 227 of the Code of Criminal Procedure provides that: “The indictment must state every fact and circumstance necessary to constitute the offense * * The Supreme Court has held that:
 

 “Indictments, under statutes, must set forth with certainty all the facts and circumstances essential to constitute the crime, so as to bring the accused within the provisions of the statute. If any one of the ingredients of which the offense is composed be omitted, or misstated, it is ground for a motion in arrest of judgment. State v. Stiles, 5 La.Ann. 324; State v. Read, 6 La.Ann. 227; State v. Sheppard, 33 La. Ann. [1216], 1217; State v. Delerno, 11 La.Ann. 648; State v. Palmer, 32 La.Ann. 565.” State v. Rose, 125 La. 1080, 52 So. 165, 167.
 

 See also, State v. Quinn, 136 La. 435, 67 So. 206; State v. Thibodeaux, 136 La. 935, 67 So. 973; State v. Halaby, 148 La. 553, 87 So. 270; and State v. Bolloch, 151 La. 593, 92 So. 127.
 

 Since, under the law, there is no penal offense for the sale of intoxicating liquor for beverage purposes unless the parish or subdivision of the State is dry and such sale is prohibited by law or ordinance, such allegations should be specifically set out in the information in order to bring the offense within the definition of the crime charged. In the instant case, it is obvious that the failure of the information to contain the omissions pointed out in the motion in arrest of judgment constituted substantial defects patent on the face of the record and that the information is therefore
 
 *373
 
 fatally defective. Art. 517, Code of Criminal Procedure.
 

 For the reasons assigned, the motion in arrest of judgment is sustained, the conviction and sentence imposed are annulled and set aside; and it is ordered that the accused be discharged.