HAMITER, Justice.
 

 In a bill of information filed by the District Attorney of Orleans Parish the charge was made that Louis W. McLean, the defendant herein, did on October 6, 1948, “issue to the Compania de Astral of South America in exchange for bananas of the value of Nine Thousand, Seven Hundred Thirty-One Dollars and Sixty-Eight Cents ($9,731.68) in the lawful money of the United States of America, with intent to. defraud, a check for the payment of money in the sum of Nine Thousand, Seven Hundred Thirty-One Dollars and Sixty-Eight Cents ($9,731.68), dated October 6, 1948, drawn
 
 on the
 
 Hibernia National Bank in New Orleans, payable to the order of Compania de Astral of South America and signed by L. W. McLean, knowing at the time of the issuing that he, the said Louis,
 
 *673
 
 W. McLean had not sufficient credit with said bank for the payment of such check in full, upon its presentation.”
 

 Following the overruling of his demurrer and motion to quash, defendant was tried on the recited charge and found guilty. Thereupon he tendered motions for a new trial and in arrest of judgment. The court denied both of these motions and sentenced him to pay a fine of $350 and to serve seven months in the Parish Prison, with an additional five months in default of payment of the fine.
 

 On this appeal defendant relies on three bills of exceptions for a reversal of the conviction and sentence. One of these, reserved when the motion for a new trial was denied, appears to have merit, and we need discuss only it.
 

 Under the motion for a new trial defense counsel contends that there was no evidence adduced (a transcript of all the evidence received is before us on this appeal) in proof of certain essentials of the crime charged. This court, of course, cannot pass upon the sufficiency of the evidence in a criminal case where there was some proof (of all material elements) to sustain the conviction. But where the complaint is made, as here, that the conviction was had without any evidence at all establishing essentials of the offense, a question of law is presented which we must and will determine. State v. Wilson, 196 La. 156, 198 So. 889; State v. Lassiter, 198 La. 742, 4 So.2d 814; State v. Nomey, 204 La. 667, 16 So.2d 226; State v. Wooderson, 213 La. 40, 34 So.2d 369.
 

 The charge against this defendant was drawn under and pursuant to the provisions of Article 71 of the- Louisiana Criminal Code, Act No. 43 of 1942, reading in part: “Issuing worthless checks is the issuing in exchange for anything of value, with the intent to defraud, of any check, draft, or order for the payment of money upon any bank or other depository, knowing at the time of the issuing that the offender has not sufficient credit with the bank or other depository for the payment of such check, draft, or order in full upon its presentation.”
 

 This language indicates that the crime denounced is committed only when there is a concurrence in point of time of an intent to defraud, the receipt of title and possession of a thing of value, and the giving of the worthless check in payment therefor; it does not include the giving of a check for an antecedent debt. Thus, the definition specifically provides for the issuance of the check, with intent to defraud,
 
 in exchange for
 
 anything of value. If the check is given subsequent to the receipt of the thing the required exchange does not take place, and no intent to defraud attends the check’s issuance. Rather, in such a case, the check is issued in payment of an antecedent debt — a debt created by a previous sale and delivery of the thing on terms of credit, on a promise to pay, not on the faith of a check. And on the is
 
 *675
 
 suance of the check the vendor is not by the check defrauded; the fraud, if any, occurred when credit was extended.
 

 That the quoted definition of Article 71 of the Criminal Code does not contemplate the issuing of a worthless check in payment of an antecedent debt is supported by the comment printed immediately beneath that article and reading in part as follows:
 

 “This article is a restatement of the former Louisiana statute on the subject. Dart’s Gen.Stats. (1939) Secs. 676, 677 [Acts 1914, No. 209, §§ 1, 2] (worthless checks). * * *
 

 “The Reporters originally proposed a different version (which would have made the offense include issuance of the check for an antecedent debt, and would have relieved the state of proving a positive intent to defraud), but at the suggestion of the Advisers, the article retains the substance of the former Act. It is possible that the activity denounced by this article would amount to theft under the Code, but it was thought necessary to have a special article nevertheless.”
 

 And with respect to the mentioned former statute on the subject this court observed in State v. Alphonse, 154 La. 950, 98 So. 430, 431, that:
 

 “In prosecutions under this statute, one of the essential ingredients of the crime is fraudulent intent. It is sacramental that an intent to defraud be alleged and proved.
 

 * ■ * • a(c ■ * •*
 

 “The fraudulent intent must unite' with the overt act, and they must concur in point of time. * * * ”
 

 . The undisputed facts disclosed by the transcript of evidence are that on the night of October 3, 1948, the Compania de Astral of South America, through its agents, sold (according to weight) and actually delivered to the defendant in person át shipside a quantity of bananas. Immediately some were hauled away in five motor trucks and the remainder in a railroad car. Weights of the truck loads were ascertained at that time, but the weight of the carload was not available from the railroad company until later. On October 6, 1948 (three days after delivery), defendant received invoices listing all of the weights and the total amount due for the bananas, and he then issued his check of $9,731.68 to the vendor in payment. The check was deposited in the bank for collection, but it was returned with the notation “Not sufficient funds”.
 

 From this factual situation it is clear that the worthless check was not given in exchange for the bananas with the intent to defraud. The bananas had been entrusted and delivered to the defendant three days earlier, obviously on the strength of his promise to pay when all weights were ascertained. The check, hence, was in payment of an antecedent debt, a transaction which Art. 71 of the Criminal Code does not denounce.
 

 
 *677
 
 There was evidence adduced, it is true, indicating that the parties intended the sale to be for cash. But irrespective of their original intention, the fact is that a credit transaction resulted when delivery occurred without payment. The vendor very well might have conditioned the relinquishment of the merchandise on payment, but this it did not do.
 

 For the reasons assigned the conviction and sentence are set aside and the case is remanded for the purpose of affording to defendant a new trial.