PONDER, Justice.
The relator, Bill Brown, who was convicted of the crime of gambling and sentenced to serve thirty dayá in jail, applied to this Court for writs, a rule was issued and the matter' is now submitted for determination.
The sole question presented is whether there was any evidence adduced to establish the crime of. gambling under the provisions of LSA-R.S. 14:90.
While this Court cannot pass on the sufficiency of proof in a criminal case where there is evidence to sustain the conviction, yet it can and will determine whether there is any evidence of a fact essential to a conviction. State v. Rabb, 130 La. 370, 57 So. 1008; State v. Singley, 195 La. 519, 197 So. 218; State v. Davis, 208 La. 954, 23 So.2d 801.
A review of the testimony reveals that two policemen visited the tavern owned by Carl M. Clay and engaged in rolling dice with the proprietor for drinks. The relator, who was not an employee, entered the tavern and joined the game. After the parties had rolled dice for drinks and drank several beers, the relator and the policemen engaged in a game of high dice at fifty cents a throw. While this game was in progress, some young people entered the tavern and the policemen and relator retired to another room and continued the dice game until some other officers entered the room and arrested the relator.
' Under LSA-R.S. 14:90 gambling is defined as “the intentional conducting, or directly assisting in the conducting, as a business, of any game, contest, lottery, or contrivance whereby a person' risks the loss of anything of value in order to realize a profit.”
There is no proof in the record that the relator was engaged in a gambling business as defined by LSA-R.S. 14:90. The evi *97 dence convinces us that the parties were merely engaged in a game of dice and that the relator was not conducting it as a business.
For the reasons assigned, the conviction and sentence are set aside and the relator is ordered discharged.