LE BLANC, Justice.
In the course of trial of this defendant before a jury on an indictment for aggravated battery, one of the jurors, according *77 to the minutes of Court, “manifested a serious illness and was removed from the jury box.” On motion of the District Attorney, the district judge ordered a mistrial and the case was reassigned for trial at a later date. The jury that was sitting on the case was then discharged.
When the case was called for trial on the date of re-assignment, counsel for the defendant filed a plea of former jeopardy which was heard and overruled, whereupon he applied to this Court for writs of certiorari, prohibition and mandamus.
On representations made in the application, based on common-law authority to the effect that there had to be a judicial determination of the necessity for the discharge of a jury and that a court could not arbitrarily determine such a question, the writs were granted.
Our attention was never directed until later to a provision of our Revised Statutes, LSA-R.S. IS :283, one of the sections of the Code of Criminal Procedure, which controls us in reviewing the action of the lower court on an issue of this kind. The section reads as follows:
“No court, before sentence, shall, either under its appellate or supervisory jurisdiction, review any ruling made on the trial of any plea of former jeopardy.”
Under this statute it is clear that the defendant cannot have his plea considered by this Court prior to his conviction, if ever he is convicted, and prior to the imposition of sentence by the trial judge. It is evident that if he should be acquitted there will be no necessity or reason for him to persist in his plea of former jeopardy.
The writs were improvidently and inadvertently granted and they must now be recalled.
For the reasons stated it is ordered that the writs of certiorari and prohibition heretofore granted herein be, and they are hereby recalled and set aside and it is further ordered that the case be remanded to the district court for further proceedings according to law.