MOISE, Justice.
Dr. Joseph A. LaNasa, a physician and surgeon in the City of New Orleans, Louisiana, for over thirty years, was charged by Bill of Information with having failed “to properly fill out a certificate of the death of one Alice Busch, deceased, by failing to write with black ink on said certificate, as required by [LSA-JR.S. 40:154.”
The defendant was tried, convicted and sentenced, under LSA-R.S. 40:267, to pay a fine of $400 and in default thereof to serve five days in the Parish Prison. He prosecutes a suspensive appeal to this Court.
LSA-R.S. 40:154, under the heading, “Vital Statistics,” refers to the Parish of Orleans and reads:
“In the parish of Orleans, all certificates of birth or death shall be typewritten in black type or written legibly in durable black ink.” Source Act 257 of 1918, sec. 19.
LSA-R.S. 40:267 provides a penalty for any person who:
“(4) Fails, to properly fill out a certificate of * * * death and file it with the local registrar or to deliver it, upon request, to any person charged with filing it”.
The record discloses that three Bills of Exceptions were perfected, and that there is annexed all of the testimony taken in connection with the bills.
Bill of Exceptions No. I was taken to "the trial judge’s overruling defendant’s motion to quash. The defendant charges that the Bill of Information does not set out any crime as denounced by the laws of the State of Louisiana; that it merely states a conclusion of law; that the charges therein are too vague and indefinite to permit the defendant to properly prepare his defense; and that LSA-R.S. 40:154 violates Article I, Sec. 10, and Article II, Secs. 1 and 2, of the Louisiana Constitution of 1921, LSA, being vague, indefinite and impossible of precise interpretation or application.
The State contends that the defendant’s act of signing the death certificate in blue-black ink constituted a violation of LSA-R.S. 40:154, in that the certificate was not *845 properly filled out and defendant incurred the penalty prescribed by LSA-R.S. 40:267.
It is to be noted that the statute requires that death certificates be typewritten in black type or written legibly in durable black ink. (Italics ours.) The gravamen of the offense is not the failure to fill out a death certificate in black ink, as charged in the Bill of Information, but the failure to legibly fill such a certificate in durable black ink. Therefore, the indictment is fatally defective because it does not state any offense known to the laws of Louisiana.
In the very recent case of State v. Arkansas Louisiana Gas Co., 227 La. 179, 78 So. 2d 825, 827, we held:
“It is so axiomatic, that citation of authority is unnecessary, that in Louisiana there are no common-law crimes, and that nothing is a crime, no conduct can be held criminal, which is not made so by statute and clearly described by the language of its prohibition. Such statutes are subject to strict interpretation. Article 7 of the Louisiana Criminal Code itself states as follows: ‘A crime is that conduct which is defined as criminal in this Code, or in other acts of the legislature, or in the constitution of this state.’ LSA-R.S. 14:7.”
In the syllabus of the case of State v. Breffeihl, 130 La. 904, 905, 58 So. 763, 40 L.R.A.,N.S., 535, it is well stated that:
“A penal statute must be strictly construed, and cannot be extended to cases not included within the clear import of its language, and nothing is a crime which is not clearly and unmistakably made a crime.”
United States v. Lacher, 134 U.S. 624, 10 S.Ct. 625, 626, 33 L.Ed. 1080, holds:
“There can be no constructive offenses ; and, before a man can be punished, his case must be plainly and unmistakably within the statute.”
We held, in State v. Peters, 37 La.Ann. 730, that:
“Criminal statutes cannot be extended to cases not included within the clear import of their language.”
In State v. Verdin, 192 La. 275, 187 So. 666, we held that an indictment, which is not sufficiently specific to enable the defendant to prepare his defense and which merely charges conclusions of law, is open to motion to quash.
The Supreme Court of the United States, in the case of United States v. Reese, 92 U.S. 214-221, 23 L.Ed. 563, ably stated:
“ * * * Every man should be able to know with certainty when he is committing a crime.
* * *
“It would certainly be dangerous if the Legislature could set a net large enough to catch all possible offenders, and leave it to the courts to step inside and say who could be rightfully detained and who could be. set at large.”
*847 Since we have found that the Bill of Information was faulty, we would not ordinarily discuss other bills; but, because the phrase, “Durable Black Ink”, is the lamp, in the light of which this whole decision must rest, we shall discuss Bill of Exceptions No. II, which was overruled. Defendant contends that there was no evidence to support the verdict and moves for a new trial.
We cannot be called upon to pass on the weight of the evidence or the sufficiency of the proof. State v. Hilliard, 227 La. 208, 78 So.2d 835. However, this Court may interfere with the finding of the jury or the trial judge where there is no evidence at all to sustain the conviction. State v. Sawyer, 220 La. 932, 57 So.2d 899.
Expert testimony taken at the trial discloses that there is no such thing as jet black ink. The nearest approach to jet black ink is India ink, which cannot be used in fountain pens. The testimony further reveals that all black ink, other than printers’ ink, contains traces of blue, violet, brown, greenish blue, or purple. The defendant believed that blue-black ink was black ink. The State not only failed to offer any evidence to show that it was not but admitted that the ink used by defendant was durable. Therefore, there is no proof to show that the defendant did not use durable black ink; the statute maltes no mention of any particular shade of black.
Bill of Exceptions No. Ill was taken to the trial judge’s overruling a motion in arrest of judgment. Since we have shown that there was merit in Bills of Exceptions No. I and No. II, the motion should have been sustained.
For the reasons assigned, the information is annulled and set aside, and the accused is ordered discharged from custody.
HAMITER and HAWTHORNE, JJ., concur in the decree.