McCALEB, Justice.
In a bill of information, couched in the language of R.S. 14:80, appellant was charged with having carnal knowledge of a juvenile in that he, being over the age of 17 years, did feloniously have sexual intercourse with an unmarried female, over the age of 12 years but under the age of 17, with her consent. He was tried by a jury, found guilty and sentenced to serve 21 months in the State Penitentiary. During the proceedings he reserved 53 bills of exceptions and he has appealed, relying on these bills .for a reversal of his conviction.
We direct our immediate attention to appellant’s bill which was taken to the overruling of his motion for a new trial. The motion charges in part that the State has failed to prove an essential element of the offense, viz.: that the girl was unmarried at the time of the alleged act.
The prosecution concedes that it was required to show that the girl was unmarried at the time of'the commission of the sexual •act-and-it also acknowledges that no direct .testimony was offered to establish'that she was single. Nevertheless, it is contended that there was elicited some evidence from which the jury was able to deduce that she was an unmarried female and that, therefore, only a question of its sufficiency is presented, as to which this Court is without right to inquire.
The particular evidence depended on by the prosecution is the testimony of the young girl and members of her family that, subsequent to the filing of charges herein, appellant on several occasions expressed a desire to marry her and endeavored to prevail upon her mother to consent to a marriage.
While this Court is without jurisdiction to review the facts in a criminal case (Article 7, Section 10 of the Constitution), it has long been settled that, when there is a complete lack of evidence to support proof of a particular fact essential to a valid conviction, a question of law is then presented and it becomes our duty to reverse the conviction. See State v. Harrell, 232 La. 35, 93 So.2d 684 and State v. Sbisa, 232 La. 961, 95 So.2d 619, and the numerous cases cited in those decisions. The procedure whereby such questions may be presented for review under our law is by a bill of exceptions reserved .to the overruling of a motion for a new trial, attaching thereto all of the evidence introduced in the case or in lieu thereof the facts found by the trial judge in passing on the motion. State v. Giangosso, 157 La. 360, 102 So. 429.
*33 Applying this jurisprudence to the case at bar, we experience no difficulty in resolving that the prosecution has utterly failed to submit any evidence which has any probative value in relation to the victim’s marital status. The fact that appellant offered to marry the girl does not confer upon the jury the right to infer that she was unmarried at the time of the alleged unlawful act. Indeed, the evidence now relied on by the prosecution was unquestionably elicited and was admissible only for the purpose of showing appellant’s efforts to evade prosecution; it had not even a remote bearing on the marital status of the young girl and is not now cognizable as a substitute for proof of an essential element of the offense.
In a supplemental brief in support of its contention, the prosecution professes that the marital status of the victim in these cases is a negative fact, the proof of which must frequently rest on inference.
But the assumed predicate for this argument is not well-founded. The required status that the girl be unmarried is not a negative fact; it is a positive one for which affirmative proof must be adduced.
Since we hold that appellant’s conviction must be reversed, it is unnecessary that we consider the other bills of exceptions presented on the appeal. Hence, the only question remaining relates to the disposition to be made of the case, that is, whether appellant is to be ordered discharged or whether the case should be remanded for a new trial.
Under our Code of Criminal Procedure and the jurisprudence interpreting its various provisions, the motion for a new trial is the only procedural vehicle available for the presentation of a claim that there has been a total lack of evidence to support an essential element of an offense. And, as above stated, in order to have this question reviewed on appeal, the accused must attach to his bill of exceptions taken to the overruling of the motion, all of the evidence introduced in the case or, in lieu thereof, the facts found by the trial judge in disposing of the motion. But what should be done in a case like this, when it is determined that the lower court was in error?
A review of the prior jurisprudence, in cases in which a total absence of proof has been found, reveals a lack of consistency on the part of the Court in its disposition of these matters. In State v. Giangosso, supra, State v. Dunnington, 157 La. 369, 102 So. 478 and State v. Wilson, 196 La. 156, 198 So. 889, the cases were remanded for a new trial but, in State v. Nomey, 204 La. 667, 16 So.2d 226; State v. Harrell, supra, and State v. Sbisa, supra, the appellants were ordered discharged.[1] So, too, in State v. Brown, 224 La. 480, 70 So.2d 96, and State v. La Nasa, 229 La. 842, 87 So.2d *35 1 (decided also on other grounds), the Court found the evidence affirmatively established the innocence of the respective appellants and discharged them. Yet, in State v. Wooderson, 213 La. 40, 34 So.2d 369, and State v. McLean, 216 La. 670, 44 So.2d 698, the cases were remanded for new trials, despite the expressed view of the Court in each case that the evidence adduced indicated that the appellant was innocent of the crime charged.
It was not until the recent decision in State v. Harrell, supra, and then in a dissenting opinion, that any mention was made of what disposition is proper in cases such as this. Subsequently, in State v. Sbisa, where the defendant was likewise discharged, one of the dissenting opinions again critically directed the attention of the Court to the practice which had been adopted in some cases of discharging the accused upon concluding that his motion for a new trial was well taken.[2]
In view of these dissenting opinions in the Harrell and Sbisa cases, it is seen that a majority of the Court is presently disposed to discharge the accused in all prosecutions in which the State fails to produce any evidence establishing one or more of the elements of the offense. Hence, that practice will be followed in this case.
For the foregoing reasons, the judgment appealed from is annulled and set aside and appellant is ordered discharged.
*37 HAWTHORNE, J., concurs with written reasons.
HAMITER, J., dissents with written reasons.

. Compare State v. Lassiter, 198 La. 742, 4 So.2d 814.

. Tlie writer of this opinion, who also authored the dissenting opinions above referred to, is still committed to the view expressed therein, it being difficult for him to reconcile the paradox that an accused, complaining of the overruling of a motion for a new trial, may secure a complete acquittal and discharge of the crime for which he has been convicted. There is nothing in the provisions of the Code of Criminal Procedure, Articles 505-516, dealing with the motion for a new trial which envision a discharge of the accused and there is no other procedural remedy such as a motion for a directed verdict in jury cases (but see R.S. 15 :402.1) in this State authorizing the acquittal of an accused either in the lower court or in this Court. The motion in arrest of judgment has no pertinence as it pertains solely to errors patent on the face of the record, Article 520 of the Code of Criminal Procedure providing that, if the judgment is arrested for any cause fatal to the indictment, the accused is entitled to his discharge, but is subject to be indicted anew and, if the cause for arresting the judgment be fatal to the verdict, the accused shall be remanded to await a new trial.
That this Court’s authority is restricted to a remand in cases such as this has been realistically recognized by our predecessors. In State v. Giangosso, 157 La. 360, 102 So. 429, the Court said that the question presented by a bill of exceptions taken to the overruling of a motion for a new trial, on the ground that there was no evidence to support the conviction, was whether the trial judge erred as a matter of law in refusing to grant a new trial. If this be true, by what sanction does this Court act when it acquits the accused under the circumstances here presented? Does the trial judge have the same right if he finds, on the motion for a new trial, that there has been no proof of an essential element of the offense?