129 So.2d 4

**STATE of Louisiana**

v.

**Annie P. GATLIN and Carl Daniel.**

No. 45319.

April 24, 1961.

Henry N. Richardson, Bogalusa, France W. Watts, Jr., Franklinton, for relator.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Woodrow W. Erwin, Dist. Atty., Franklinton, for appellees.

McCALEB, Justice.

Defendants were charged with the unlawful sale of whiskey in the Eighth Ward of Washington Parish, Louisiana " * * * where the sale of same is prohibited by Police Jury Ordinance adopted pursuant to a local option election held in said Ward under the provisions of existing law."

After a trial, the judge found them guilty and each was fined $100 and costs and, in default of the payment, to imprisonment for 30 days in the parish jail.

Upon imposition of this sentence, relator, Carl Daniel, applied here for remedial writs, . contending, in the main, that the State did not prove the offense charged in the bill of information since no evidence was submitted to establish that the sale of alcoholic beverages in the Eighth Ward of Washington Parish is prohibited by a police jury ordinance adopted pursuant to a local option election held in said Ward.

On the showing made a writ of certiorari was granted and the case has been submitted for our decision.

It has been many times decided that, while this Court is without jurisdiction to review questions of fact in a criminal case, yet, if no evidence at all is elicited to prove one or more of the essential elements of the offense, a question of law is presented which may be urged here in a bill of exceptions reserved to the overruling of a motion for a new trial, provided that all of the evidence taken in the case is attached to and made part of the bill. State v. Martinez, 201 La. 949, 10 So.2d 712; State v. Tucker, 204 La. 463, 15 So.2d 854; State v. Nomey, 204 La. 667, 16 So.2d 226 and authorities there cited.

In the case at bar there are three bills of exceptions and all are grounded on the

failure of the prosecution to prove that the whiskey was sold in dry territory. These bills were reserved to the overruling of motions for a directed verdict (see R.S. 15:-402.1); in arrest of judgment and for a new trial, and all the evidence is attached to each bill as part thereof.

The district attorney concedes that no evidence was adduced to establish that the sale of whiskey in Washington Parish is prohibited by Police Jury Ordinance.[1] However, he contends that it was not necessary for the State to make this proof since it was shown that the defendants did not have the license prescribed by R.S. 26:71 to sell intoxicating liquor, which was violative of the omnibus penal provisions set forth in R.S. 26:191 of the Alcoholic Beverage Control Law, it being asserted that relator's remedy was to move for a bill of particulars and then require the State to elect as to whether it was proceeding under R.S. 26:191 or R.S. 26:158.

■ This proposition is not well founded. There was no reason in this case for the relator to move for a bill of particulars in view of the express recitals of the bill of information that the defendants' sale of whiskey was illegal because it occurred in the *Eighth Ward of Washington*

Parish, where the sale of whiskey is prohibited "* * * by Police Jury Ordinance adopted pursuant to a local option election held in said Ward under the provisions of existing law." The only law prohibiting the sale of alcoholic beverages in dry territory is R.S. 26:158, under which, according to the allegations of the bill of information, this prosecution was laid and it therefore will not do for the State to now contend that it was proceeding under another statute.

■ Finding that relator was illegally convicted, it remains to determine the proper disposition of the case. As heretofore stated, relator raised the issue of lack of proof in three bills of exceptions which were reserved to the overruling of motions for a directed verdict, in arrest of judgment and for a new trial, and all the evidence was attached to each bill as part thereof.

■ Initially, it is clear that failure of the State to prove an essential element of the crime charged may not be considered on motion in arrest of judgment as this defensive pleading "* * * lies only for a substantial defect, patent upon the face of the record". Article 517, Code of

---

1. If there is such an ordinance of the Police Jury of the Parish of Washington, the Court could not take judicial cognizance of its existence. See Paragraph 1 of Article 422 of the Code of Criminal Procedure (R.S. 15:422); State ex rel.

Cotonio v. Marmouget, 110 La. 191, 34 So. 408; City of Shreveport v. Maroun, 134 La. 148, 63 So. 857 and City of New Orleans v. Calamari, 150 La. 737, 91 So. 172, 22 A.L.R. 106.

Criminal Procedure (R.S. 15:517). See also Article 518 (R.S. 15:518) which provides, among other things, that no defect " * * * that can not be ascertained without an examination of the evidence, is good ground for arresting judgment." [2]

■ As we have observed above, the pleading which has been successfully employed in this State for raising the issue that no evidence at all was elicited to prove one or more of the essential elements of the offense is the motion for a new trial. Under bills of exceptions taken to the overruling of motions for new trials, which were held on appeal to be well founded, this Court has assumed the authority in some instances, notably in the later cases, of discharging the appellants instead of remanding the cases for new trials conformably with the nature of the pleadings. In all of the cases prior to State v. La-Borde, 1958, 234 La. 28, 99 So.2d 11, in which the defendants were discharged under motions for new trials (see State v. Nomey, 204 La. 667, 16 So.2d 226; State v. Harrell, 232 La. 35, 93 So.2d 684 and State v. Sbisa, 232 La. 961, 95 So.2d 619) the orders were rendered without comment or discussion anent the power of the Court to acquit defendants on appeal in criminal cases. However, in State v. La-Borde, the Court noted the lack of consis-

tency of its prior jurisprudence on the subject pointing out that, in State v. Giangosso, 157 La. 360, 102 So. 429; State v. Dunnington, 157 La. 369, 102 So. 478; State v. Wilson, 196 La. 156, 198 So. 889; State v. Wooderson, 213 La. 40, 34 So.2d 369 and State v. McLean, 216 La. 670, 44 So.2d 698, the appellants were granted new trials, whereas, in the Nomey, Harrell and Sbisa cases and also in State v. Brown, 224 La. 480, 70 So.2d 96 and State v. La-Nasa, 229 La. 842, 87 So.2d 1, the appellants, under like conditions, were ordered discharged.

After stating that there was a divergence of opinion among its members as to the proper disposition of these matters on motions for a new trial, it was ruled in the LaBorde case that the accused would be ordered discharged in view of the fact that a majority of the Court was in favor of pursuing that course, it being noted that two of the justices (Justice Hawthorne and the writer of the majority opinion) were of the view that the case should be remanded for a new trial and reasons for this view were assigned in footnote No. 2 of the opinion.

■ Following the LaBorde case, there were two other matters decided by this Court (see State v. Daniels, 236 La. 998,

---

**2.** In this connection, compare State v. Quinn, 214 La. 368, 37 So.2d 821, where the charge was held fatally defective on a motion in arrest for failure to allege that the liquor was sold in a dry parish.

109 So.2d 896 and State v. Linkletter, 239 La. 1000, 120 So.2d 835) in which the appellants were discharged on motions for a new trial on the authority of the prior jurisprudence. However, since the opinion in the Linkletter case was handed down (February 15, 1960), the personnel of the Court has changed and, as now constituted, a majority of the Justices are of the opinion that it is not proper for an accused to be acquitted and discharged on appeal under a bill of exceptions taken to the overruling of a motion for a new trial. Being in accord with the views expressed in footnote No. 2 of the LaBorde opinion, which are reinscribed below for convenience,[3] we conclude that relator is not entitled to be discharged under a motion for a new trial

and the cases holding otherwise are hereby overruled.

Finally, we consider relator's right to be ordered discharged under his motion for a directed verdict. This motion was authorized by Act 447 of 1950 which became Section 402.1 of the Code of Criminal Procedure, (R.S. 15:402.1). It provides, in part, as follows:

"In any criminal prosecution or proceeding in any court, *triable by the court alone,* the court on motion of a defendant or of its own motion *shall order* the entry of judgment of acquittal of one or more offenses charged in the indictment, information or affidavit after the evidence on either side

---

3. "The writer of this opinion, who also authored the dissenting opinions above referred to, is still committed to the view expressed therein, it being difficult for him to reconcile the paradox that an accused, complaining of the overruling of a motion for a new trial, may secure a complete acquittal and discharge of the crime for which he has been convicted. There is nothing in the provisions of the Code of Criminal Procedure, Articles 505–516, dealing with the motion for a new trial which envision a discharge of the accused and there is no other procedural remedy such as a motion for a directed verdict in jury cases (but see R.S. 15:402.1) in this State authorizing the acquittal of an accused either in the lower court or in this Court. The motion in arrest of judgment has no pertinence as it pertains solely to errors patent on the face of the record, Article 520 of the Code of Criminal Procedure providing that, if the judgment is arrested for any cause fatal to the indictment, the

accused is entitled to his discharge, but is subject to be indicted anew and, if the cause for arresting the judgment be fatal to the verdict, the accused shall be remanded to await a new trial.

"That this Court's authority is restricted to a remand in cases such as this has been realistically recognized by our predecessors. In State v. Giangosso, 157 La. 360, 102 So. 429, the Court said that the question presented by a bill of exceptions taken to the overruling of a motion for a new trial, on the ground that there was no evidence to support the conviction, was whether the trial judge erred as a matter of law in refusing to grant a new trial. If this be true, by what sanction does this Court act when it acquits the accused under the circumstances here presented? Does the trial judge have the same right if he finds, on the motion for a new trial, that there has been no proof of an essential element of the offense?" [234 La. 28, 99 So.2d 13]

is closed, if the evidence is *insufficient* to sustain a conviction of such offense or offenses. \* \* \*" (Emphasis ours.)

■ It is to be observed that this law is limited to misdemeanor cases triable by the judge. In thus providing, the framers of the Act evidently felt that an extension of its scope to jury cases would run counter to Section 9 of Article 19 of our Constitution which declares that "The jury in all criminal cases shall be the judges of the law and of the facts on the question of guilt or innocence, having been charged as to the law appliable to the case by the presiding judge."

It is to be further noted that the authority vested in the judge by the Act extends to all prosecutions in which he considers the evidence *insufficient* to sustain a conviction. And, in the last sentence of the Act, it is provided that "The judgment of the court in refusing to grant such motion by the defendant shall not be subject to review by any appellate court". While the reason for this provision is not clear, its inclusion in the statute suggests a legislative intent to have the Act conform with Section 10 of Article 7 of our Constitution which limits our review in criminal cases to

questions of law alone. However, by thus providing, the framers of the law apparently failed to take into account the constitutional right of this Court, under its supervisory and appellate jurisdiction, to consider evidence in criminal cases on appeal, not for the purpose of determining its *sufficiency* to sustain a conviction, which presents a question of fact, but in order to deduce whether there was any evidence *at all* to establish one or more of the essential elements of the offense charged which, as we have stated above, presents a question of law.

In three cases heretofore decided, viz.: State v. Crovetto, 229 La. 793, 86 So.2d 907; State v. Domino, 234 La. 950, 102 So.2d 227 and State v. Melerine, 236 La. 881, 109 So.2d 454, we have dismissed bills of exceptions taken to the overruling of motions for directed verdicts on the ground that R.S. 15:402.1 deprives this Court of the right to review the judge's action in overruling the motion. However, those cases are distinguishable from this one in that the appellant in each sought to have us review an alleged *insufficiency* of the evidence [4]—an issue of fact of which we are without appellate or supervisory jurisdiction in a criminal case. Conversely, in

4. While it appears from the opinion in State v. Melerine, supra, that defense counsel were contending that there was no evidence showing that the acts of defendants were violative of the law, this contention had no semblance of merit as much proof had been adduced to establish all essential ingredients of the offense. Hence, the complaint was actually based on an argument that the evidence was insufficient to support the convictions.

a case like this, where our supervisory powers (or our appellate jurisdiction) has been invoked to review a question of law we cannot give our sanction to legislative action which would restrict or curtail the constitutional powers vested in the Court.[5]

◼◼◼◼ In the case at bar, the unconstitutionality vel non of the restrictive provision contained in R.S. 15:402.1 has not been pleaded by relator. But we do not think it was necessary for him to raise the issue specifically; it is enough that he has invoked our supervisory jurisdiction which essentially includes our constitutional power to pass upon his complaint and this, in turn, encompasses our right to examine, ex proprio motu, the legality of the legislative effort to limit our jurisdiction. While it is, of course, fundamental

that the Court will not consider the invalidity of legislation when its unconstitutionality has not been pleaded, this rule is subject to the single exception that, when its jurisdiction is invoked, the Court has the duty to strike down any legislation which interferes with or curtails the plenary power vested in it by the Constitution.[6]

◼◼◼◼ Accordingly, we are forced to conclude that the restrictive clause of the directed verdict statute is inapplicable to cases in which the motion for such verdict is grounded on the contention that no evidence at all was submitted by the prosecution to establish one or more of the essential elements of the crime charged, i. e., a question of law—for, to hold otherwise, would render this clause of the Act unconstitutional for the reasons above set

5. This Court has struck down on more than one occasion restrictive clauses set forth in other articles of the Code of Criminal Procedure, similar to the one contained in R.S. 15:402.1. State v. Burris, 169 La. 520, 125 So. 580, 585, involved the constitutionality of Article 273 of the Code of Criminal Procedure declaring that no ruling of a district court made on the trial of a plea of insanity was reviewable before sentence by any other court, either under its appellate or supervisory powers. The provision was held invalid on the ground that it was plainly contrary to the grant of supervisory jurisdiction vested in this Court by the Constitution " * * * and we must look to that instrument to ascertain our right to exercise it." To the same effect see State v. Doucet, 199 La. 276, 5 So.2d 894, wherein similar restrictive provisions contained in Article 312

of the Code of Criminal Procedure were held invalid and State v. Roberson, 225 La. 74, 72 So.2d 265, where like provisions of Article 283 of the Code of Criminal Procedure were found, on rehearing, to be contrary to Sections 2 and 10 of Article 7 of the Constitution.

6. In 16 C.J.S. Constitutional Law § 144, p. 698, it is stated:
 "From another point of view, it is the duty of the judicial department to protect the jurisdiction of the judiciary at the boundaries of power fixed by the constitution, and to see that no one department of government encroaches on the prerogatives of another."
 See also State ex rel. Wright v. Barney, 133 Neb. 676, 276 N.W. 676, where the issue of constitutionality of a statute restricting its jurisdiction was apparently raised by the Court itself.

forth. Pursuant to the cardinal canon that a legislative enactment should be interpreted and applied in a manner so as to uphold its constitutionality, we construe the restrictive clause in the statute to have force and effect as to motions for directed verdicts having for their foundation the *insufficiency* of evidence—as was factually true in the Crovetto, Domino and Melerine cases.

 There can be no doubt that the judge erred as a matter of law, in refusing to grant a directed verdict of acquittal in this case, in view of the State's failure to prove that the whiskey was sold in dry territory.

For this reason, the conviction and sentence of relator are annulled and set aside and he is ordered discharged.

FOURNET, C. J., concurs with written reasons.

HAMITER and HAMLIN, JJ., concur in the decree.

FOURNET, Chief Justice (concurring).

I fully concur with the conclusion reached in the majority opinion that inasmuch as the state failed to offer in evidence any proof to establish that the sale of alcoholic beverages in the Eighth Ward of Washington Parish is prohibited by a police jury ordinance adopted pursuant to a local option election in the ward, an essential element of the crime with which the defendants are charged, the trial judge improperly overruled the motion filed on behalf of defendants for a directed verdict of acquittal, and that, consequently, the conviction and sentences were properly set aside and the defendants ordered discharged.

Having reached this conclusion, it is my opinion it was unnecessary for the majority opinion to consider the other bills of exceptions, which entailed the overruling of a well-established line of jurisprudence affecting adversely the guarantee against double jeopardy as contained in our national and state constitutions, simply because since the last opinion on this subject was handed down there has been a change in the personnel of the court which results in the majority now entertaining views to the contrary. This is all the more true since this issue was not determinative of the matter and the question was not squarely raised or given serious consideration by counsel in either oral or written argument.