129 So.2d 10

**STATE of Louisiana**

v.

**Robert MINOR.**

No. 45437.

April 24, 1961.

G. Wray Gill, New Orleans, for appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Duncan S. Kemp, Dist. Atty., Amite, W. M. Dawkins, Asst. Dist. Atty., Denham Springs, and Leonard E. Yokum, Asst. Dist. Atty., Hammond, for appellee.

HAMITER, Justice.

Robert Minor, the defendant herein, was convicted of negligent homicide, an offense defined in LRS 14:32 as "the killing of a human being by criminal negligence". The charge forming the basis of the conviction arose out of the death of one Delois Hoover which resulted from a collision, on U. S. Highway 51 approximately six miles south of Ponchatoula in Tangipahoa Parish dur-

ing the afternoon of August 3, 1958, between a Willys station wagon in which she was riding and a Mercury automobile driven by Minor.

After having been sentenced to serve two years at hard labor in the state penitentiary the defendant appealed to this court, and for a reversal of the conviction and sentence he relies on three bills of exceptions which relate to the overruling of a motion for a new trial.

■ Unquestionably, as a principle of law, criminal negligence is an essential ingredient of the crime of negligent homicide; and, as stated in LRS 14:12, it "* * * exists when, although neither specific nor general criminal intent is present, there is such disregard of the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances."

Invoking such principle, as well as the last quoted statutory provisions, the defendant alleged in the overruled motion for a new trial that "the evidence taken at its face value * * * did not tend to show that degree of negligence necessary for conviction." In other words he thereby complained, just as his counsel argues here, that during the trial no evidence at all was adduced to sustain a conclusion that the

death of Delois Hoover resulted from criminal negligence in his operation of the Mercury automobile.

■ In a criminal case this court is without authority to consider the evidence for the purpose of determining the sufficiency thereof, but a review of it may be undertaken when the contention is made (as here) that there was a total lack of proof of an essential element of the offense charged. State v. Martinez, 201 La. 949, 10 So.2d 712; State v. Tucker, 204 La. 463, 15 So.2d 854; State v. Wooderson, 213 La. 40, 34 So.2d 369; State v. Brown, 224 La. 480, 70 So.2d 96; State v. McCarty, 232 La. 145, 94 So.2d 11, and State v. Almerico, 232 La. 847, 95 So.2d 334.

■ Our examination of the transcript of testimony in the instant cause discloses that there was some evidence adduced which could well justify the conclusion that the collision and death in question resulted from criminal negligence on the part of this defendant. Thus, on the trial it was shown that at and near the site of the accident (and at the time thereof) U. S. Highway 51, constructed with a black top surface, was undergoing repairs, was bumpy, and was exceedingly wet because of rain. Between that point and Ponchatoula to the north were signs warning that the road had a speed limit of 45 miles per hour and was "slick when wet". Further, one E. M. Wegmann testified that while he was driv-

ing his automobile in a southerly direction at approximately 43 miles per hour and was following another car about 100 feet ahead the defendant steered his Mercury into the left lane, passed the mentioned two vehicles very quickly and at a speed considerably faster than they were traveling, cut sharply to the right when "just barely ahead of the front car" and went completely off the road, and then "cut back across (the highway's center) at about a 75 degree angle", thereby causing his machine to strike the Willys station wagon which was proceeding toward the north in its proper traffic lane.

Defense counsel, in support of the mentioned three bills of exceptions relied on, cite State v. Dean, 154 La. 671, 98 So. 82 and State v. Harrell, 232 La. 35, 93 So.2d 684. Neither conflicts with our above announced conclusion. In the former the court, when sustaining a motion in arrest of judgment, merely held that, based on a statute denouncing as an offense any injury to one person by another through *gross* negligence and recklessness in the operation of a motor vehicle, the indictment involved was fatally defective in that it charged the defendant only with injuring one Beatrice Burris "while operating a motor vehicle in a reckless manner". The holding of the majority in the negligent homicide Harrell case (perhaps not clearly stated therein and unlike our conclusion here) was that there was no evidence adduced tending to prove the existence of criminal negligence—an essential element of the offense charged.

Five other bills of exceptions were reserved and perfected by the defendant Minor. However, in this court they were neither argued orally nor briefed; and, as a consequence, we would be justified in treating them as having been abandoned. State v. Nix, 211 La. 865, 31 So.2d 1; State v. Simpson, 216 La. 212, 43 So.2d 585; State v. Dowdy et al., 217 La. 773, 47 So.2d 496; State v. Jourdain, 225 La. 1030, 74 So.2d 203; State v. Dabbs, 228 La. 960, 84 So.2d 601; State v. Mills, 229 La. 758, 86 So.2d 895, and State v. Williams, 230 La. 1059, 89 So.2d 898. Nevertheless, we have reviewed such bills of exceptions and find no merit in any of them.

For the reasons assigned the conviction and sentence appealed from are affirmed.