471 So.2d 282 (1985)
STATE of Louisiana
v.
Edward DIXON.
No. KA-2931.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1985.
*283 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Maria M. Lazarte, Asst. Dist. Atty., New Orleans, for plaintiff-appellee State of La.
Calvin Johnson, Supervising Atty., New Orleans, for defendant-appellant Edward Dixon.
Before SCHOTT, KLEES and ARMSTRONG, JJ.
KLEES, Judge.
Defendant was convicted of one count of carnal knowledge of a juvenile, a violation of LSA-R.S. 14:80, and sentenced to ten years imprisonment at hard labor. On appeal, defense counsel argues that the conviction should be overturned because the State failed to prove two key elements of the crime. He also contends that the trial judge erred by refusing to give requested jury instructions on two other crimes (R.S. 14:81, indecent behavior with juveniles; and R.S. 14:92, contributing to the delinquency of juveniles). Finally, the defendant has petitioned this court in proper person citing twenty-nine additional assignments of error. After reviewing the *284 record, we affirm the conviction and sentence.

Errors Patent:
A review of the record for errors patent reflects that the trial court failed to wait twenty-four hours after the denial of defendant's motion for new trial before sentencing. Such error is considered harmless unless prejudice is shown by the defendant. State v. Brogdon, 426 So.2d 158 (La.1983); State v. White, 404 So.2d 1202 (La. 1981). Defendant has not made any showing of prejudice. Therefore, this error is harmless.
The record also reveals that the defendant was not arraigned. However, any irregularity in the arraignment proceeding, including the failure to arraign defendant, is waived if the defendant proceeds to trial without objection. La.Code Cr.Pro. art. 555. Because defendant did not object prior to the trial, the error is harmless.

Assignments of Error:
It is contended that the State failed to prove all the elements of the crime charged. To support a conviction under R.S. 14:80, the State must show that (1) A male over the age of seventeen and (2) an unmarried female over twelve but under seventeen (3) with an age difference greater than two years (4) engaged in consensual sexual intercourse. State v. Joseph, 425 So.2d 1261 (La.1983). Testimony at trial showed unquestionably that the defendant, who was 39 years old at the time of his arrest, had sexual intercourse with a fourteen-year-old female. However, the defendant contends that the State failed to show that the victim was unmarried or that she consented to the sexual activity.
In its denial of defendant's motion for a post judgment verdict of acquittal, the trial court noted that, although it was aware that the prosecution had never asked whether the victim was unmarried, there were sufficient circumstances from which the jury could have concluded that she was unmarried, including:
1. The child-like appearance of the victim at trial (she was very small with pigtails);
2. Her school attendance in the 9th grade at the time;
3. The fact that the victim went to the child protection agency;
4. The fact that the victim lived with her mother and siblings;
5. The medical report admitted into evidence by the defense, which refers to the victim as single.
Defense counsel argues that under the holding of State v. LaBorde, 234 La. 28, 99 So.2d 11 (1958), there was no affirmative proof from which the jury could have determined that the victim was unmarried. In LaBorde, the State sought to use the fact that the defendant offered to marry the victim as proof that she was unmarried at the time of the offense. The court stated that this did not "confer upon the jury the right to infer that she was unmarried ..." Id. 99 So.2d at 12. The present case differs from LaBorde in that the jury was able to see a medical report which referred to the victim as single. Neither the State nor the defendant elicited any testimony to contradict this affirmative documentary evidence. Therefore, the jury could have reasonably inferred that the victim was unmarried. We find that the State sufficiently proved this fact.
With regard to the victim's consent, we also find that the State sufficiently proved this element of the crime. Consent is a factual determination made by the jury, which we cannot overturn in the absence of manifest error. Canter v. Koehring Co., 283 So.2d 716 (La.1973). Defense counsel contends that the victim's testimony that the defendant had slapped her and had threatened her and her sister negated the element of consent necessary to support a conviction. We disagree. The victim testified that she and the defendant, her mother's boyfriend, had engaged in sexual intercourse on numerous occasions. She also stated that, in order to please her mother, she had gone voluntarily to the defendant's home nearly every weekend *285 "to clean it up", knowing that the defendant would expect her to have intercourse with him. When asked if she consented, the victim said, "I consented because I didn't do anything [about it] out of fear, so, in a way you can say that I consented." (Rec.Vol. I, p. 141). From this evidence, the jury could well have concluded that the child permitted the sexual acts and thus reluctantly consented over a period of time, but was afraid to tell anyone. We find no manifest error in this conclusion.
The final contention asserted by defendant's counsel is that the trial court erred in denying his motion requesting special jury instructions and in denying his motion for a new trial based upon the court's failure to give those jury charges. The requested instructions would have given the jury the elements of R.S. 14:81, indecent behavior with juveniles, and R.S. 14:92, contributing to the delinquency of juveniles, both of which counsel claims were supported by the evidence.
This argument is without merit. The trial court is not obligated to give jury instructions on every crime that might be supported by the evidence, but only on the crime charged and its lesser included offenses. LSA-Code Cr.Pro. arts. 803, 815. Neither R.S. 14:81 nor R.S. 14:92 is a lesser included offense of R.S. 14:80, the crime with which the defendant was charged. Therefore, the trial court's refusal to give the requested jury instructions was not error.
As previously noted, defendant himself has filed a separate document with this court in which he alleges numerous assignments of error. After a careful review of the record, we find the majority of these assignments to be totally without merit. A few, however, do warrant some discussion.
In his Assignments of Error # 11-13, defendant contends that the trial court committed reversible error when it allowed a coroner's report on the victim to be introduced without any testimony from the doctor who did the examination and without the State having laid a proper foundation. Although this contention may have merit, we need not consider it on appeal because defense counsel did not object to the introduction of the report at trial. (Rec.Vol. I, tr. p. 163). See LSA-C.Cr.P. art. 841.
In Assignment of Error # 24, defendant contends that it was reversible error for the trial judge to refuse to order a presentence investigation. We find no error here because such an investigation is not a right of the accused, but merely an aid to the court. State v. Bell, 377 So.2d 275 (La.1979); State v. Howard, 262 La. 270, 263 So.2d 32 (1972).
Finally, in Assignment of Error # 25, the defendant contends that he received an excessive sentence. The defendant was sentenced to ten years imprisonment at hard labor, which is the maximum penalty that can be imposed for the crime he committed. LSA-R.S. 14:80.
The Louisiana Constitution prohibits "cruel, excessive or unusual punishment." La. Const. art. 1, § 20 (1974). The Supreme Court has held that a sentence which is within the statutory limits may nevertheless violate the constitution and thus may be reviewed on appeal. State v. Brogdon, 457 So.2d 616 (La.1984); State v. Nealy, 450 So.2d 634 (La.1984); State v. Thomas, 447 So.2d 1053 (La.1984); State v. Soco, 441 So.2d 719 (La.1983). A sentence which appears severe is considered excessive and unconstitutional if it is "grossly out of proportion to the severity of the crime" or "is nothing more than the purposeless and needless imposition of pain and suffering." State v. Brogden, supra at 625; State v. Davis, 449 So.2d 452, 453 (La.1984); State v. Telsee, 425 So.2d 1251, 1253 (La.1983).
To insure adequate review by the appellate court, the trial court must indicate on the record the factors it has considered in imposing sentence in the record. La.Code Cr.Pro. art. 894.1 sets forth the criteria to be used by the trial court in its determination. Although it need not articulate every circumstance cited, the trial court must indicate that it *286 considered the article's guidelines in tailoring a particular sentence for a particular defendant convicted of a particular crime. State v. Davis, supra. In any case, the trial court must indicate that it has considered not only the aggravating circumstances, but also those which are mitigating. State v. Davis, supra; State v. Franks, 373 So.2d 1307 (La.1979), affirmed in part 391 So.2d 1133 (La.1980), cert. denied, Frank v. Louisiana, 450 U.S. 983, 101 S.Ct. 1520, 67 L.Ed.2d 818 (1981). Finally, the court must state the factual basis underlying its conclusion. State v. Soco, supra.
In this case, the trial judge listed as aggravating circumstances the severe trauma to the young victim and the probable long term effects of the crime on her. The judge also stated that she considered as mitigating circumstances the defendant's poor health, the fact that he is a Veteran, and the fact that he took care of the victim's family to a great extent and had a child with the victim's mother. Despite these circumstances, however, the trial judge felt the maximum punishment was warranted because of the seriousness of the offense. We agree.
Where compliance with article 894.1 is found, as here, the trial judge is given great discretion in sentencing within the statutory limits. State v. Nealy, supra; State v. Trahan, 425 So.2d 1222 (La. 1983). Nevertheless, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of the particular crime. State v. Brogdon, supra. In this case, there are other factors not mentioned by the trial judge that make defendant's crime especially deplorable. These include the fact that the defendant slapped and verbally threatened the victim and the fact that the offense was a continual one, going on for almost a year. In view of these circumstances, we find that the sentence imposed was not excessive.
Accordingly, for the reasons stated, we affirm defendant's conviction and sentence.
AFFIRMED.