BARRY, Judge.
The defendants were convicted of burglary of an inhabited dwelling, La.R.S. 14:62.2. Fluker, a second offender, was sentenced to twenty years at hard labor. Givens, a multiple offender, received a twenty-four year sentence at hard labor.
Defendants’ sole assignment contends the trial court failed to adequately consider the sentencing factors of C.Cr.P. Art. 894.1 and their sentences are constitutionally excessive. State v. Sepulvado, 367 So.2d 762 (La.1979).
The trial judge stated at Fluker’s sentencing:
You got caught in someone’s house. I find that it is offensive. I find that as offensive as armed robbery. The man has an extensive record. The reason for this sentence is that he has an extensive record. And I feel that this is a very extensive crime.
When Givens was sentenced the judge stated:
Mr. Givens, you have been given breaks before — many breaks before. As a matter of fact, you were given a break before in this section of Court before.
The type of crime that you committed society has found to be particularly obnoxious. The last legislature even permits people to shoot people who enter their residences the way you did in this particular case. This was a home; and I myself find this obnoxious a crime as armed robbery.
Based upon your record and based upon the fact that you are a multiple offend *113 er you have forfeited your right to live in a free society ...
C.Cr.P. Art. 894.1 sets forth the criteria to be used by the trial court in imposing sentence. Although the court need not articulate every circumstance cited, it must indicate that it considered the article’s guidelines in particularizing the sentence to the defendant. The trial court must indicate that it has considered not only the aggravating circumstances, but also those which are mitigating. State v. Davis, 449 So.2d 452 (La.1984); State v. Dixon, 471 So.2d 282 (La.App. 4th Cir.1985).
The trial judge did not follow the guidelines. The convictions are affirmed. Defendants’ sentences are vacated and the case remanded for re-sentencing in compliance with C.Cr.P. Art. 894.1.
AFFIRMED:
REMANDED.
SCHOTT and ARMSTRONG, JJ., concurring in the result.