STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

03-1348

STATE OF LOUISIANA

VERSUS

FRED CHRISTOPHER BEVERLY

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NUMBER 266,815
HONORABLE THOMAS M. YEAGER, DISTRICT JUDGE

**********

BILLIE COLOMBARO WOODARD
JUDGE

**********

Court composed of Billie Colombaro Woodard, Oswald A. Decuir, and Billy Howard Ezell, Judges.

AFFIRMED.

James C. Downs, District Attorney
Loren Marc Lampert, ADA
Ninth Judicial District
Post Office Drawer 1472
Alexandria, Louisiana 71309
(318) 473-6650
Counsel for State/Appellee

Fred Christopher Beverly
Concordia Parish Correctional Facility 2
26362 Highway 15 – H Dorm
Ferriday, Louisiana 71334
*Pro Se* for Defendant/Appellant

Laura M. Pavy
Louisiana Appellate Project
Post Office Box 750602
New Orleans, Louisiana 70175-0602
(504) 833-2910
Counsel for Defendant/Appellant:
     Fred Christopher Beverly

WOODARD, Judge.

The Defendant, Fred Christopher Beverly, asserts that the trial court failed to give adequate consideration to the applicable mitigating factors when it imposed an excessive sentence of twenty years for simple burglary. We disagree and affirm his sentence.

\* \* \* \* \*

On April 25, 2002, the Defendant burglarized Jones Audio taking approximately $6,000.00 in merchandise.

On September 25, 2002, the trial court charged him by bill of information with simple burglary, a violation of La.R.S. 14:62, to which he pled not guilty on October 28, 2002. Notwithstanding, the jury found him guilty as charged on March 19, 2003.

On March 21, 2003, the State filed a habitual offender bill against him to which he pled not guilty. On June 23, 2003, the trial court deemed him a third-felony offender and sentenced him to twenty years at hard labor for his simple burglary conviction, with credit for time served, which was to run concurrently with a previously imposed ten-year sentence for possession of cocaine.[1]

On June 25, 2003, the Defendant filed a motion to reconsider his sentence, alleging that his sentence was excessive, but the trial court denied this motion. From this denial, he appeals.

\* \* \* \* \*

**ERRORS PATENT**

According to La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. We found one.

The minutes from the arraignment on the habitual offender bill and the transcript of the habitual offender hearing do not indicate whether the trial court informed the Defendant of his right to remain silent or his right to have the State prove

---

[1]*State v. Beverly*, an unpublished opinion bearing docket number 03-817 (La.App. 3 Cir. 12/10/03).

1

its case against him at the habitual offender hearing. Nevertheless, we find the error harmless because a hearing was actually held.[2]

## EXCESSIVE SENTENCE

In *State v. Walker*, when the excessiveness of a defendant's sentence was at issue, this court noted:

> Article 1, § 20 of the Louisiana Constitution of 1974, prohibits "cruel, excessive, or unusual punishment." A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion.[[3]]

A trial court must look at the particular circumstances of the case and the defendant's background in order to impose a sentence that is suited for him.[4] On review, the issue is not whether another sentence would have been more appropriate; rather, it is whether the trial court abused its discretion.[5]

Under La.R.S. 15:529.1(A)(1)(b)(i), a person convicted of simple burglary and sentenced as a third-felony offender "shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction." The penalty range for simple burglary is a fine of not more than

---

[2]*See State v. Wilson*, 02-700 (La.App. 3 Cir. 12/18/02), 833 So.2d 560, *writ denied*, 03-216 (La. 5/2/03), 842 So.2d 1100.

[3]96-112, pp. 3-4 (La.App. 3 Cir. 6/5/96), 677 So.2d 532, 534-35, *writ denied*, 96-1767 (La. 12/6/96), 684 So.2d 924 (citations omitted).

[4]*State v. Dorthey*, 623 So.2d 1276 (La.1993).

[5]*State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996).

$2,000.00 and/or imprisonment up to twelve years with or without hard labor.[6] Accordingly, the trial could have sentenced the Defendant to a term of imprisonment from eight to twenty-four years. Thus, his twenty-year sentence is in the upper range of sentencing possibilities.

The Defendant maintains that this sentence is excessive. Specifically, he contends that the trial court failed to consider that he was only twenty-three years old with three children to support. However, it was well aware of his age and the fact that he had three children when it sentenced him. In fact, at his sentencing, he informed the trial court that he did not pay child support for his children. Furthermore, he should have thought about the adverse consequences to his family before he decided to break the law, again.

The Defendant has been arrested forty-six times since he turned seventeen. He is also a third-felony offender who had several charges pending at the time of his sentencing. Additionally, the court ordered that this sentence be served concurrently with another sentence imposed for an unrelated felony. Based upon these factors, his sentence is not excessive.

Thus, we find this assignment of error to lack merit.


**PRO SE ASSIGNMENTS OF ERROR**

The Defendant filed a *pro se* brief in which he assigns ten assignments of error. Two of these issues concern his sentence in another appeal. Therefore, *pro se* assignments of errors No. 1 and No. 3 were stricken, and we will not address them in this appeal. Also, we previously addressed No. 6—his excessive sentence claim.


*Assignment Number 2*

The Defendant contends that the trial court erred in imposing the habitual offender sentence before sentencing him for simple burglary.

Louisiana Revised Statutes 15:529.1(D)(3) provides:


> When the judge finds that he has been convicted of a prior felony or felonies or adjudicated a delinquent as authorized in Subsection A, or if he acknowledges or confesses in open court, after being duly cautioned

---

[6]La.R.S. 14:62.

3

as to his rights, that he has been so convicted or adjudicated, the court shall sentence him to the punishment prescribed in this Section, *and shall vacate the previous sentence if already imposed*, deducting from the new sentence the time actually served under the sentence so vacated. The court shall provide written reasons for its determination. Either party may seek review of an adverse ruling.

(Emphasis added.) The statute clearly states "the court shall vacate the previous sentence if already imposed." Therefore, according to the clear wording of the statute, the trial court was permitted to delay its imposition of a sentence until after the Defendant was adjudicated as a habitual offender.

*Assignment Number 4*

The Defendant, also, contends the trial court erred in not allowing him to withdraw his guilty plea to the habitual offender bill filed against him. However, the Defense never filed a motion seeking to withdraw his guilty plea.

*Assignment Number 5*

The Defendant asserts further that the trial court erred in treating him as a multiple offender when he was inadequately *Boykinized*. In particular, he contends that he was not fingerprinted when he pled guilty to the predicate offense of theft over $500.00.

The State informed the trial court at the habitual offender hearing that the bill of information regarding theft over $500.00 did not contain the Defendant's fingerprints. In response, Defense counsel objected to its use as a predicate offense on that basis.

In *State v. Carlos*, 98-1366 (La. 7/7/99), 738 So.2d 556, the supreme court established the burden of proof for a defendant's challenge to the state's use of a prior offense. The supreme court stated:

In [*State v.*] *Shelton*[, 621 So.2d 769 (La.1993)], this Court recognized that *Boykin* does not require that the entire burden be placed on the prosecution in a recidivism proceeding. Rather, the presumption of regularity that attaches to prior convictions encouraged us to revisit our previous system of placing the entire burden on the State to prove the validity of prior convictions. Consequently, we

4

held that when a defendant denies the allegations contained in the bill of information in an habitual offender proceeding, the burden is on the State to prove the existence of the prior guilty pleas and that the defendant was represented by counsel when they were taken. If the State meets this initial burden, the defendant must produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant carries this burden, then the burden reverts to the State to prove the constitutionality of the plea. The State will meet this burden by producing a "perfect" transcript of the guilty plea colloquy. Anything less than a "perfect" transcript, such as a guilty plea form or minute entry, will require the trial judge to weigh the evidence submitted by both sides and determine whether the defendant's *Boykin* rights were prejudiced. In *Shelton*, we held that the State carried its initial burden under the revised burden-shifting rules by producing a well-executed guilty plea/waiver of rights form and a minute entry which stated, inter alia, that the judge "gave the Defendant his rights."[7]

In attempting to establish the conviction of theft over $500.00 as a predicate offense, the State filed a certified copy of the bill of information, charging the Defendant with theft over $500.00, and a certified copy of the minutes reflecting the conviction. Additionally, the State offered as evidence his testimony in docket number 267,552, in which he testified that he committed the offense of theft over $500.00.

The minutes, which the State submitted, indicate that he was present in court with counsel and plead guilty to theft over $500.00. Additionally, he indicated that he understood and waived his right to trial, the right against self-incrimination, and the right to confront and cross-examine witnesses against him. Consequently, the State sufficiently proved he was convicted of the prior offense of theft over $500.00, in spite of the lack of the Defendant's fingerprints in the bill of information.

---

[7]*State v. Stewart*, 02-196 (La.App. 3 Cir. 10/2/02), 827 So.2d 1277, 1280-81 (citations omitted).

*Assignment Number 7*

The Defendant urges that the trial court erred when it found him to be a multiple offender. In fact, he alleged that he "can show and prove from the face of record under collateral attack [that the] State didn't meet it's required burden to substantiate the procedural matter in this specific case." Yet, he did not present any specific allegations regarding the State's failure to carry its burden at the habitual offender hearing. Accordingly, under the Uniform Rules—Courts of Appeal, Rule 2–12.4, we decline to consider this issue, since he abandoned it.

*Assignment Number 8*

Next, the Defendant alleges that the trial court erred in denying his motion to suppress the statements he made to Detective John Dauzat on May 29, 2002. On the day of trial, the court held a hearing and denied this motion.

The Defendant did not offer any reasoning indicating how or why the trial court erred in denying his motion to suppress. Therefore, he also abandoned this assignment of error.[8]

*Assignment Number 9*

The Defendant believes the State should have tested a bloody shirt found at the crime scene for DNA. He maintains that this would have cleared him of the charges.

Detective John Dauzat testified that he recovered a gray Astro's jersey from Jones Audio, but he stated that he did not test the shirt for DNA since the Defendant confessed to wearing the shirt while breaking into Jones Audio.

We are aware of no law requiring the State to conduct DNA testing on evidence recovered from a crime scene. If the Defendant wished to have the shirt tested for DNA, he could have had it done before the trial. Moreover, he may seek to have this shirt tested by filing an application for post-conviction relief requesting DNA testing pursuant to La.Code Crim.P. art. 926.1 if, in fact, he is asserting his innocence.

---

[8]Uniform Rules—Courts of Appeal, Rule 2–12.4.

*Assignment Number 10*

The Defendant alleges that the State entrapped him, but he made no arguments on this issue. Thus, again, according to the Uniform Rules—Courts of Appeal, Rule 2–12.4, this issue is abandoned.

## CONCLUSION

The trial court's determination that the Defendant was a habitual offender and its imposition of a twenty-year sentence was not erroneous. Thus, we affirm.

**AFFIRMED.**