# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 05-276 c/w 05-277

**STATE OF LOUISIANA**

**VERSUS**

**MARLON ALEXANDER**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, DOCKET NUMBER 13128-01/16388-04
HONORABLE ROBERT WYATT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**SYLVIA R. COOKS**
**JUDGE**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Marc T. Amy, Judges.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

Edward K. Bauman
Louisiana Appellate Project
Post Office Box 1641
Lake Charles, Louisiana 70602-1641
(337) 491-0570
COUNSEL FOR APPELLANT:
     Marlon Alexander

Rick Bryant
District Attorney
Cynthia S. Killingsworth
Carla S. Sigler
Assistant District Attorneys
Post Office Box 3206
Lake Charles, Louisiana 70602
(337) 437-3400
COUNSEL FOR APPELLEE:
     State of Louisiana

**COOKS, Judge.**

## STATEMENT OF THE CASE

On June 21, 2001, Marlon Alexander was charged by bill of information with one count of distribution of cocaine, in violation of La.R.S. 40:967(A). He was arraigned and pled not guilty. A jury trial began on September 13, 2004. Alexander was convicted as charged. On September 28, 2004, prior to sentencing, the State filed a bill of information charging Alexander under the habitual offender statute, as a second time felony offender. On November 17, 2004, a sentencing hearing was held along with an habitual offender hearing. Alexander was found to be an habitual offender and sentenced to serve fifteen years in the custody of the Louisiana Department of Corrections, with credit for time served. Alexander filed this appeal alleging the State did not have sufficient evidence to convict him of distribution of cocaine. Specifically, Alexander alleges a case of mistaken identity. For the reasons assigned below, we affirm the conviction.

## STATEMENT OF THE FACTS

On April 12, 1999, Detective Robert McGarity, of the Calcasieu Parish Sheriff's Office, was contacted by a confidential informant (C.I.) known as T-Bug, with regard to narcotics activity in a particular area of Lake Charles, Louisiana. Detective McGarity contacted Detective George Bowen about using an undercover agent, Agent Zip, to assist in the purchase of illegal drugs. Detectives McGarity, Bowen and William Nichols contacted Agent Zip. The detectives spoke with the C.I. and Agent Zip and arranged to meet with both individuals at a later time to discuss the details of the drug purchase and to search the vehicle to be used in the transaction. At the meeting, Agent Zip was furnished with a body wire transmitter and a micro cassette recorder. Three photocopied twenty-dollar bills were furnished to the agent

2

to make the drug purchase.

The detectives watched as the C.I. and the agent drove to the corner of Pine Street and Lyons Street where the C.I. indicated the drug activity was occurring. Agent Zip drove the vehicle and the C.I. was in the front passenger seat. When they reached the corner, the C.I. called out "Marlon," and the Defendant approached the car. The C.I. introduced Agent Zip to the Defendant as his cousin and asked "if he could hook them up with a good 60." The Defendant entered the back seat of the agent's vehicle. The agent pulled away from the intersection and stopped at a location where the drug purchase took place. Agent Zip gave the Defendant $60.00 in return for three pieces of a white substance, later identified as cocaine. The agent and the C.I. dropped the Defendant off at a location requested by him and proceeded to the original meeting place where the detectives recovered the evidence. The C.I. informed the detectives that the individual who had sold them the cocaine was Marlon Alexander. One detective then went to the Calcasieu Sheriff's Department and obtained a mug shot of the Defendant. The detective returned immediately and the photograph was shown to Agent Zip who confirmed that the man in the mug shot was the individual who sold her the cocaine. Agent Zip testified at trial and identified Marlon Alexander as the individual who sold the cocaine. The C.I. was never called to testify. Detective McGarity indicated he was in the Harris County Jail in Texas.

## LAW AND DISCUSSION

*Errors Patent*

We note two errors patent on the face of the record. First, the record does not indicate the Defendant was advised of his right to remain silent or his right to have the State prove its case against him before he was adjudicated an habitual offender. However, in this case, Alexander did not acknowledge his status as an habitual

3

offender, nor did he testify at the hearing. This court has held the failure to advise a Defendant of such rights is harmless when a full hearing is held and the Defendant is adjudicated an habitual offender. In *State v. Pitre*, 04-1134, p. 4 (La.App. 3 Cir. 2/9/05), 893 So.2d 1009, this court stated:

> [T]he failure to so advise the Defendant is harmless because a hearing was held, at which the Defendant was adjudicated a . . . habitual offender. *State v. Beverly*, 03-1348 (La.App. 3 Cir. 3/3/04), 867 So.2d 107. See also *State v. Wilson,* 02-700 (La.App. 3 Cir. 12/18/02), 833 So.2d 560, *writ denied*, 03-216 (La. 5/2/03), 842 So.2d 1100, *cert. denied*, 540 U.S. 952, 157 L.Ed.2d 285, 124 S.Ct. 393 (2003) (finding the failure to advise of right to a hearing was harmless because a hearing was held.) We further note that although the minutes indicate the Defendant testified, nothing in the minutes indicates the Defendant acknowledged his status as a habitual offender.

We find the trial court's failure to advise the Defendant of his rights was harmless because a full hearing was held at which the Defendant was adjudicated a second habitual offender and the Defendant never acknowledged his habitual offender status nor testified at the hearing.

Second, the trial court erroneously advised the Defendant that he had two years from the date of sentencing to file post-conviction relief. Louisiana Code of Criminal Procedure Article 930.8 provides a defendant has two years from the finality of his conviction and sentence to seek post-conviction relief. Accordingly, we instruct the trial court to send written notice to the Defendant within thirty days of the rendition of this opinion advising him of the appropriate time period for filing post-conviction relief. Additionally, we direct the trial court to file written proof in the record that the Defendant received such notice.

*Sufficiency of the Evidence*

The Defendant, Marlon Alexander, contends Marlin Demouchet is the individual who is responsible for the crime. He claims Agent Zip's identification of him was faulty and predicated upon the use of a single photo shown to her the night

4

of the crime. He contends this evidence alone is not sufficient to support a conviction.

The record indicates Agent Zip is a married mother of three who works part-time as an undercover agent. She has been involved in about forty other drug purchases prior to this one. Agent Zip testified this particular drug buy stood out in her mind because she had been instructed not to let any person selling drugs enter her vehicle. However, in this case, the Defendant entered the back seat. The following exchange occurred at trial:

> Q. Okay. Did you get a good look at the person who sold the drugs to you?
> A. Yes, I did.
> Q. And how do you specifically remember that?
> A. Because when he came to the passenger side I made sure I got a very good look at him. And then when he got into the car, the light came on and I could turn and see him.
> Q. And was that important to you?
> A. Very much so.
> Q. And why was that?
> A. Because I didn't want to have a case of mistaken identity.
> Q. And so you took a good look at him?
> A. Yes.
> Q. The person that you sold those drugs – or who sold you those drugs that night, is he in the courtroom?
> A. Yes, he is.
> Q. Would you please point him out and describe what he's wearing?
> A. He's sitting right to my right, he has on the Sean John shirt, the brown and white tennis shoes.

Detectives Bowen and McGarity testified Agent Zip identified the Defendant's photograph without any hesitation. The photo identification took place shortly after the drug purchase. The testimony establishes that Agent Zip had adequate time and opportunity to observe the Defendant when he came to the passenger window and when he entered the vehicle. There was adequate light for observation generated when the Defendant opened the door to enter the back seat. Agent Zip testified she took a good look at the Defendant because she did not want to take a chance on

5

misidentification.

With regard to sufficiency of the evidence, this court in *State v. Lambert*, 97-64 (La.App. 3 Cir. 9/30/98), 720 So.2d 724, has stated:

> When the issue of sufficiency of the evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La. 1983); *State v. Duncan*, 420 So.2d 1105 (La. 1982); *State v. Moody*, 393 So.2d 1212 (La. 1981). It is the role of the fact finder to weigh the respective credibility of the witness. Therefore, the appellate court should not second-guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. *See King*, 436 So.2d 559, citing *State v. Richardson,* 425 So.2d 1228 (La.1983).

*Id.* at pp. 4-5, 726-27.

Although single photo identifications are generally viewed by the courts with suspicion, their suggestive nature will not *per se* preclude admissibility unless found to be untrustworthy under the total circumstances. *State v. Harper*, 93-2682 (La. 11/30/94), 646 So.2d 338. In *State v. Harris*, 28,517 (La.App. 2 Cir. 8/21/96), 679 So.2d 549, *writ denied*, 96-2954 (La. 9/26/97), 701 So.2d 975, the identifying officers clearly saw the Defendant at night when he leaned into their car with illumination provided by streetlights, and the photo identification took place an hour after the drug sale. In *State v. Anderson*, 30,306 (La.App. 2 Cir. 1/21/98), 706 So.2d 598, the Defendant alleged he was not the person who committed the offense. An undercover police officer was shown a single photograph and identified the Defendant as the person who sold the drugs to him. The officer testified that although the transaction occurred at night, a nearby street light provided illumination into his car, which was parked approximately fifteen feet from the light. The Defendant leaned into his car through the passenger side window to effect the transaction, so the officer had a clear

view of the Defendant's face. The Defendant was in the officer's presence for eight to ten minutes and he paid attention to the Defendant knowing he may have to identify the Defendant in court. Additionally, the officer identified the Defendant about ten minutes after the transaction. The court citing *Harris,* found the photographic identification trustworthy and admissible.

We conclude Agent Zip's identification of the Defendant was judged by the jury to be credible and trustworthy. She had adequate opportunity to observe the Defendant, both when he came to the passenger window and when he entered her vehicle. Only a short time elapsed between the drug purchase and her identification of the Defendant from the photograph. We find her testimony sufficient to support the conviction. The Louisiana Supreme Court in *State v. Neal*, 00-0674 (La. 6/29/01), 796 So.2d 649, stated:

> [P]ositive identification by only one witness is sufficient to support a conviction. *See State v. Mussall*, 523 So.2d 1305, 1311 (La. 1988)(generally, one witness's positive identification is sufficient to support the conviction.); *State v. Ford,* 28,724 (La.App. 2d Cir. 10/30/96), 682 So.2d 847, 849-50, *writ denied*, 99-0210 (La. 5/14/99), 745 So.2d 12 . . . . The trier of fact makes credibility determinations and may, within the bounds of rationality, accept or reject the testimony of any witness, thus, a reviewing court may impinge on the "fact finder's discretion only to the extent necessary to guarantee the fundamental due process of law." *Mussall,* 523 So.2d at 1310 (La. 1988).

### DECREE

Based on the foregoing review of the record, we affirm the conviction of Marlon Alexander. We instruct the trial court to send written notice to the Defendant within thirty days of the rendition of this opinion advising him of the appropriate time period for filing post-conviction relief. We direct the trial court to file written proof in the record that the Defendant received such notice.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS**.

7